[Civ. No. 16007.  Second Dist., Div. One.  Feb. 17, 1948.]

JOHNNIE  ALICE  CHAPMAN, Respondent, v. FLOYD MASON, Appellant.

Richard A. Haley for Appellant.

DeForrest Home for Respondent.

BARTLETT, J. pro tem.—This is an action brought by respondent for personal injuries resulting from a collision between a motorcycle operated by her husband, Wayne Chapman, and a truck owned by appellant, Floyd Mason, which was then being driven by defendant Julie Robarge with the owner's consent. The case was tried without a jury and at its conclusion the court found ''That it is true that at the time and place of said accident, said defendant, Julie Robarge, drove and operated said truck in a careless and negligent manner without giving the signal of her intention to make a left turn as required by law, and by making a left turn in front of oncoming traffic at a time when other traffic, including the vehicle upon which the plaintiff was riding, was approaching from the opposite direction so close to said intersection as to constitute an immediate hazard, and it is further true that said accident, together with the resulting injuries sustained by plaintiff, were the proximate result of negligence and carelessness on the part of said defendant, Julie Robarge, and the manner in which she operated said truck at the time and place of said accident.'' The court further found ''That it is not true that plaintiff or her husband, the driver of the motorcycle upon which she was riding at the time of the accident, were guilty of negligence, and it is not true that any negligence on the part of plaintiff or her said husband caused or in any manner contributed to the happening of the aforesaid accident.''

Judgment rendered was in favor of respondent and against the defendant Julie Robarge for $6,475 and against the appellant, Floyd Mason, for $5,000. The single ground urged by appellant for reversal of this judgment is that respondent's husband, Wayne Chapman, was guilty of contributory negligence as a matter of law.

Respondent was riding on a motorcycle operated by Wayne Chapman; it was traveling west in the lane nearest the curb on Florence Boulevard near its intersection with Avalon Boulevard in the city of Los Angeles. As it approached the intersection the front wheel on the motorcycle was about even with the right rear wheel of an automobile which was traveling to its left. The view of Wayne Chapman of traffic coming from the left was thereby obstructed. As he entered the intersection he reduced his speed from 20 miles per hour to from 10 to 15 miles per hour. The traffic signals were set green for east-and-west traffic before and as he entered the intersection.

Defendant, Julie Robarge, the truck driver, on her way to purchase cigarettes with the truck owner's consent, was traveling east on Florence Boulevard at a speed of approximately 40 miles per hour and without giving any signal of her intention to do so, turned left in front of the eastbound traffic. The driver of the automobile to the left of plaintiff drove a few feet into the intersection, saw the truck, "slammed on her brakes" and came to a sudden stop, missing the truck by only 3 feet. Immediately upon the stopping of this car, Wayne Chapman applied the brakes on the motorcycle before the collision occurred.

The only conflict in the testimony is as to the speed of the truck. Wayne Chapman testified it was traveling in the intersection at 40 miles per hour. Two disinterested witnesses also testified. One of them, Pauline Calhoun, a passenger in the car immediately to respondent's left, said the truck was going from 35 to 40 miles per hour, and the other, Leroy Clapp, a pedestrian, testified the truck speed was "thirty something" miles per hour.

Defendant Julie Robarge testified her speed was 5 to 10 miles per hour. She did not deny that she failed to make any signal for a left turn, and said that she did not see the motorcycle before the collision.

We have carefully examined the cases cited in appellant's opening brief; no closing brief was filed by him. None of the cases which he contends support his argument that the conduct of respondent's husband constituted contributory negligence as a matter of law approach a factual situation such as we have here. Furthermore, in each of those cases there is positive evidence of a violation of law by the plaintiff himself.

■ It is obvious from the testimony that when defendant Julie Robarge started her left turn the motorcycle was entering the intersection, constituted an immediate hazard and had the right of way. A claim of contributory negligence cannot be predicated on a failure by Wayne Chapman to assume that the truck driver would violate the basic speed law and also the provisions of sections 544 and 551 of the Vehicle Code (*Olsen* v. *J. J. Jacobs Motor Co.*, 99 Cal.App. 423 [278 P. 1051]; *Moreno* v. *Los Angeles Transfer Co.*, 44 Cal.App. 551 [186 P. 800]; *Flores* v. *Fitzgerald*, 204 Cal. 374 [268 P. 369].) ■ A contention made by appellant is that it was negligence as a matter of law on Wayne Chap-

man's part to enter an intersection when his view was obstructed and that he violated the following portion of section 529 of the Vehicle Code:

"The driver of a motor vehicle may overtake and pass to the right of another vehicle, only under the following conditions: . . . Upon a city street with unobstructed pavement of sufficient width for two or more lines of vehicles in each direction. . . . The driver of a motor vehicle may overtake and pass another vehicle on the right only under conditions permitting such movement in safety. . . ."

Respondent's husband, as stated before, was traveling in the lane nearest the curb. Before nearing the intersection he was traveling at the rate of 20 miles per hour but slowed down to about 10 miles per hour as he was about to enter it. Traffic signals were green before he got to the intersection and as he entered it. At that time his view was obstructed as the motorcycle's front wheel was opposite the right rear wheel of the automobile to his left, but it is evident he made no attempt to pass it. When the automobile had gone a few feet into the intersection, its brakes were applied with great force so that it came to a sudden stop. Thereupon the operator of the motorcycle immediately applied his brakes but was unable to stop before passing the automobile to his left which had just missed being hit by appellant's truck by a scant 3 feet, and collided with this truck.

Respondent quotes language from the decision in *Havens* v. *Loebel,* 103 Cal.App. 209 [284 P. 676], to the effect that where a driver's view is obstructed, it is contributory negligence as a matter of law to fail to take unusual precautions and to slacken speed. It is a perfectly tenable theory that the foregoing facts show that the driver did take such precautions. He drove carefully in the lane nearest the curb, slackened his speed materially at the intersection, at no time attempted to pass the car which obstructed his view, and by immediate application of his brakes when that car stopped, did all in his power to avoid an accident.

As we cannot say that the trial court reached an unreasonable conclusion, we are bound by its finding of ultimate facts which determines the proximate cause of plaintiff's injury.

As to appellant's contention that Wayne Chapman violated section 529 of the Vehicle Code, there is a rule, now

settled law in this state, which is set forth in *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279] at 592, as follows:

"The presumption created by proof of the failure to comply with a statute or ordinance relieves a defendant from the burden of proving that the plaintiff failed to act as a reasonably prudent man. All that the defendant need prove to establish contributory negligence is that plaintiff's violation of the statute in question proximately caused the accident. Therefore the burden cast upon the defendant where such violation is relied upon, is more easily established than a failure to act as would a reasonably prudent man under similar circumstances. If there was a violation of the applicable statute, the burden of going forward is then cast upon the plaintiff, if the defendant is relying upon contributory negligence, to present evidence justifying an excuse for violation. If the jury does not believe that the evidence is sufficient to excuse violation, it must find for the defendant."

An examination of the testimony in this case would indicate that Chapman's act in passing the car on its right was almost an involuntary one. Here again it is for the trial court and not this tribunal to determine whether or not his conduct was excusable.

Judgment is affirmed.

Doran, Acting P. J., and White, J., concurred.