INGA HAGEN AND ANOTHER v. HAROLD J. SNOW.[1]

March 4, 1955.

No. 36,403.

*Hvass, Weisman, Peterson, King & Schwappach,* for appellants.
*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and
*David W. Nord,* for respondent.

CHRISTIANSON, JUSTICE.

Separate actions are brought by plaintiffs to recover for personal
injuries sustained when they were struck by an automobile driven
by defendant. The cases were consolidated for trial and the jury
returned a verdict for defendant in both cases. Plaintiffs appeal from

[1]Reported in 69 N. W. (2d) 100.

the orders of the trial court denying their motion for a new trial.

At about 7:50 p. m. on the evening of January 31, 1952, plaintiffs, Henry and Inga Hagen, husband and wife, 70 and 72 years of age, respectively, were crossing Eleventh avenue south from east to west on the south side of Seventh street south in the city of Minneapolis when they were struck by defendant's car which was proceeding south on Eleventh avenue south.

For purposes of this opinion, Eleventh avenue south, which is 42 feet wide, shall be considered as running north and south, and Seventh street south, which is 40 feet wide, as running east and west. They intersect each other at approximately right angles. Just prior to the accident plaintiffs had got out of an automobile at the southeast corner of the intersection. Before starting to cross Eleventh avenue south, plaintiff Henry Hagen looked to the north and saw the lights of a vehicle approximately one block away. As he and his wife were walking across the intersection he looked to the north again and "saw the light kind of slowing down." Plaintiffs had proceeded across Eleventh avenue south for a distance of approximately 34 feet when their forward progress was impeded by a puddle of water at least six inches deep and approximately 16 feet wide at the southwest corner of the intersection. When they reached the puddle, they angled off to the south so as to get around it and were walking in a southwesterly direction. They had taken four or five steps when they were struck by defendant's automobile coming from the north.

Defendant testified that he was driving his car in a southerly direction on Eleventh avenue south approximately nine to ten feet from the westerly curb at a speed of 20 to 25 miles per hour and that as he entered the intersection he slowed down to 18 to 20 miles per hour. However, one of plaintiffs' witnesses testified that defendant was traveling about 25 miles per hour. Defendant further stated that as he approached the intersection with Seventh street, he saw the lights of some traffic approaching him on Eleventh avenue about halfway down the block ahead of him; that he also observed a group of pedestrians on the southeast corner of the intersection apparently waiting

to cross Eleventh avenue; that when he was about 15 feet north of the southerly crosswalk traversing Eleventh avenue he saw the plaintiffs dressed in dark clothing, who were then about 20 to 25 feet away and approximately 14 feet south of the intersection walking in a slightly southwesterly direction; and that upon seeing plaintiffs he immediately put on his brakes but was unable to stop in time to avoid colliding with them. There was testimony, however, by other witnesses to the effect that plaintiffs were approximately five feet south of the southerly crosswalk and eight feet from the westerly curb line of Eleventh avenue south when they were struck and that defendant stated after the accident that he had first seen plaintiffs when he was ten feet from them.

The intersection in question was described as poorly illuminated with only one street light catercorner from the scene of the accident. The streets were wet in spots with occasional areas of ice under the water and somewhat slippery. Defendant's windshield had previously been spattered with mud which affected his visibility.

The only error assigned on appeal pertains to the trial court's denial of plaintiffs' requested instruction reading as follows:

"If you find that the pedestrian crosswalk in the area immediately east of the southwest corner of the intersection of Seventh Street and Eleventh Avenue South was obstructed by a puddle of water, the plaintiffs, and each of them, were justified in diverting their course to avoid this obstruction if reasonably prudent persons would have so conducted themselves in a similar situation and under similar circumstances."

The record discloses that plaintiffs' counsel requested the foregoing instruction both before the arguments to the jury and at the conclusion of the charge and that an exception was noted before the jury retired. The refusal to give such an instruction was assigned as error in plaintiffs' motion for a new trial.

After instructing the jury in general terms as to negligence, contributory negligence, and proximate cause, the trial court stated in its charge:

"It is the law if a statute has been violated, that violation itself is prima facie evidence of negligent conduct and that means just what it says, unless such conduct is explained or shown to have had no bearing by all the facts and circumstances established by the evidence in this case."

Thereafter the court read to the jury the pertinent provisions of the speed statute (M. S. A. 169.14, subds. 1 and 3), the pertinent provisions of the right-of-way statute (§ 169.21, subds. 2, 3, and 5), the definition of "sidewalk" (§ 169.01, subd. 33), the definition of "crosswalk" (§ 169.01, subd. 37), and the clear-windshield statute (§ 169.71). It then concluded its instructions on these points as follows:

"These are the only statutes I will call your attention to and they were called to your attention so you will be familiar with them and can determine whether from the evidence there was any violation of them. You must see that no one is attempting, by calling your attention to them, to indicate that they were violated. In addition to these statutes which are simply rules of common sense which have been put in statutory form by our Legislature, there is a common sense rule which applies to all of us whether we are pedestrians, automobile or truck drivers or anybody else and that is the duty of every pedestrian and every driver using our streets to keep his faculties and keep a proper lookout and the driver to keep his automobile under reasonable control having regard to the condition and circumstances existing and it is not the answer to that duty that one has looked and not seen what one should have seen by a proper and prudent look. You must look and you must see what should be seen, both parties, pedestrians and drivers using our streets. They are public streets and both parties here had a right to use these streets in question and each was obligated to conduct himself with regard to the movement of others entitled to use the streets. Both plaintiffs and defendant were obligated to exercise reasonable care under the circumstances to avoid injury while both were using the streets. Each should exercise their right in a reasonable manner and neither is called upon to anticipate negligent conduct on the part of

the other or to assume that the other would omit to perform careful conduct."

The record further discloses that after the jury had been considering the case for some time it returned to the courtroom for further instructions and, in the absence of counsel, the following proceedings took place:

"The Court: I understand, ladies and gentlemen, you have some questions you would like to present to the Court.

"The Foreman: We were wondering so far as percentage goes, if it has to be 100%, one way or the other.

"The Court: You mean on the liability?

"The Foreman: If one party is 90% negligent and the other 100%."

Thereafter, the trial court first explained to the jury that the comparative negligence doctrine is not applicable in this state. It then repeated certain portions of its general instructions on contributory negligence and proximate cause and concluded its supplemental instructions as follows:

"* * * If you find that the plaintiffs were negligent and that negligence was a proximate cause of or contributed proximately to the happening of their injuries, under the law in Minnesota, they cannot recover."

Plaintiffs contend that since the provisions of the highway traffic regulation act providing that (§ 169.21, subd. 3) "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway," and that (§ 169.21, subd. 5) "Pedestrians when walking along a roadway shall walk near the left side of the roadway giving way to oncoming traffic," and "Where sidewalks are provided and usable it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway" were read to the jury, the trial court's instruction with reference to the legal effect of a violation of the statute was inadequate and incomplete and the failure to give their requested instruction constituted

prejudicial error.[2] Defendant, on the other hand, takes the position that the charge must be read as a whole and that when this is done the instructions given by the trial court were fully adequate. If defendant's position is correct there would, of course, be no error in refusing the requested instruction. See, Cameron v. Evans, 241 Minn. 200, 208, 62 N. W. (2d) 793, 798, and cases cited.

Recognizing that it is often difficult for jurors to understand technical and abstract legal propositions even though they may be correctly stated, this court recently pointed out in Zurko v. Gilquist, 241 Minn. 1, 5, 62 N. W. (2d) 351, 354:

"In construing a charge as a whole, its adequacy in correctly setting forth controlling principles of law is to be measured by the meaning it reasonably conveys to the jurors who hear it only once and have no opportunity to examine it in written form. Even though a jury charge may by close inspection be found to be technically correct in its entirety, a new trial should be granted if its impact upon the jury is likely to convey, and reasonably does convey, an erroneous understanding of controlling principles of law."

It is well established that, "as against a mere general or abstract charge, a party is entitled to a specific instruction on his theory of the case, if there is evidence to support it and if a proper request for such an instruction is made." Chicago & N. W. Ry. Co. v. Green (8 Cir.) 164 F. (2d) 55, 61; Chicago, R. I. & P. R. Co. v. Lint (8 Cir.) 217 F. (2d) 279, 285; 53 Am. Jur., Trial, § 626. Furthermore, "even a request for an instruction which is not entirely perfect may in some situations impose upon the court the duty to give a more specific instruction on a particular issue, where it soundly appears that such an instruction is needful to enable the jury to intelligently determine the question." Chicago & N. W. Ry. Co. v. Green (8 Cir.) 164 F. (2d) 55, 61.

---

[2] M. S. A. 169.96 provides: "In all civil actions, a violation of any of the provisions of this chapter, by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only."

The presence of a large puddle of water at the southwest corner of the intersection was undisputed in the instant case. Since a violation of a statute may be excusable or justifiable,[3] plaintiffs were clearly entitled to have the jury consider their explanation for not having complied with the foregoing provisions of the statute. In our opinion, the charge as a whole failed to place the issue of plaintiffs' contributory negligence in its proper perspective before the jury and was therefore inadequate. It is our further opinion that the explanation given by the trial court as to the meaning of the words "prima facie evidence of negligent conduct" was inadequate and incomplete and that it was prejudicial error not to have given the substance of the requested instruction under the circumstances presented. Cf. McElhinney v. Knittle, 199 Iowa 278, 201 N. W. 586.

It follows that the orders appealed from should be reversed.

Reversed.

[3]Trudeau v. Sina Contracting Co. Inc. 241 Minn. 79, 62 N. W. (2d) 492; Leman v. Standard Oil Co. 238 Minn. 379, 57 N. W. (2d) 814; Martin v. Tracy, 187 Minn. 529, 246 N. W. 6; Brodd v. Priem, 236 Minn. 148, 52 N. W. (2d) 429; Wojtowicz v. Belden, 211 Minn. 461, 1 N. W. (2d) 409.