LEVI PHILLIPS v. GREAT NORTHERN RAILWAY COMPANY.

100 N. W. (2d) 765.

January 22, 1960—No. 37,749.

*Anthony Kane, J. R. Walker,* and *D. E. Engle,* for appellant.
*Murnane & Murnane,* for respondent.

MAGNEY, COMMISSIONER.

On August 29, 1955, plaintiff, Levi Phillips, sustained an injury while in the employ of defendant, Great Northern Railway Company. He brought action and recovered a verdict. Defendant appeals from the order of the court denying its motion for judgment notwithstanding the verdict or for a new trial.

Defendant maintains four repair tracks in the city of Minneapolis. A Chicago & North Western Railway Company boxcar (C&NW 47524) had been placed on one of these tracks for repairs. Plaintiff was employed by defendant as advanced helper or car repairman. He and another employee were assigned to repair the above-mentioned boxcar. The brakes had to be released before work could be commenced. Plaintiff was directed to release the handbrake on the car. He climbed the ladder on the south side of the west end of the car and walked the length of the car on the boardwalk to the east end, where the handbrake was located. He carried an electric hand lantern. When he came to the east end of the car he stepped down on the brake platform. As the brake was being released, he fell off the platform to the ground and was seriously injured.

Defendant assigns several claimed errors as grounds for a new trial. Some of them involve the refusal of the court to give requested instructions. The court gave an abstract general charge, which would have been unassailable except for the refusal to give requested instructions.

Requested instruction No. VIII reads:

"You are instructed that there is no evidence that the defendant was causally negligent by virtue of the fact that oil and grease were present on the ground at its repair track."

Plaintiff himself testified that the oil and grease along the track had nothing to do with the accident. Counsel for plaintiff argued to the jury that there were ten items of negligence—naming them—which the jury might consider in finding defendant negligent, one of them being the presence of oil and grease along the track. As to the oil and grease, he told the jury that it might be something they would choose to pass over, but, he continued—

"* * * those items now that I have discussed with you, members of the jury, constitute ten items of negligence, ten of them, anyone of which is sufficient if you believe it was a proximate or the proximate cause of this accident to justify awarding damages to Mr. Phillips."

Clearly, defendant was entitled to the requested instruction, and refusal to give it was error.

Defendant's requested instruction No. XV reads:

"You are instructed that there is no evidence of any failure by the defendant to supply plaintiff safe and sufficient tools for use in releasing staff-type hand brakes."

Car repairmen were furnished a bar and hammer in their tool chests. They were never furnished with a brake club, which was part of the equipment of switchmen, a different craft. After plaintiff had arrived at the brake platform, he asked for and received a hammer. Plaintiff does not deny this. There is testimony that he tried to use this hammer. There is uncontradicted testimony that the use of the hammer was the safest method of releasing a tight handbrake. In view of the above, defendant was entitled, under the evidence, to have this instruction given, and it was error to refuse it.

Defendant's requested instruction No. X was as follows:

"You are instructed that while defendant was under a continuing obligation to exercise ordinary care in providing plaintiff with a reasonably safe place to work, the mere fact that a light bulb was burned out at the time of the accident is not evidence of negligence on its part.

Before you may find that defendant was at fault in this regard you must determine whether the evidence shows that defendant had a reasonable opportunity to replace the bulb and failed to do so."

As usual that evening plaintiff and the other members of the crew went to lunch about 7:30. It was a 20-minute lunch period. When the men returned to work the foreman turned on the lights. These lights were located on poles about 30 feet from the ground. The bulb on the pole nearest the car where plaintiff was working was out. It was burning the night before. No one in the crew had authority to replace the burnt-out bulb, nor was there any facility to reach it. That work could only be done by electricians. The foreman made a report that the light was out, the only thing that he could do. The accident happened not more than 55 minutes after it was discovered that the light was out. In our opinion, whether defendant had a reasonable opportunity to replace the burnt-out bulb was properly a matter for the consideration of the jury in its determination of whether defendant was negligent in failing to furnish a safe place to work because of lack of sufficient light. We think that the court erred in refusing to give the requested instruction, or to include in its charge the substance of it if the language used was subject to criticism.

■ In Hagen v. Snow, 244 Minn. 101, 106, 69 N. W. (2d) 100, 103, we said:

"It is well established that, 'as against a mere general or abstract charge, a party is entitled to a specific instruction on his theory of the case, if there is evidence to support it and if a proper request for such an instruction is made.' Chicago & N. W. Ry. Co. v. Green (8 Cir.) 164 F. (2d) 55, 61; Chicago, R. I. & P. R. Co. v. Lint (8 Cir.) 217 F. (2d) 279, 285; 53 Am. Jur., Trial, § 626. Furthermore, 'even a request for an instruction which is not entirely perfect may in some situations impose upon the court the duty to give a more specific instruction on a particular issue, where it soundly appears that such an instruction is needful to enable the jury to intelligently determine the question.' Chicago & N. W. Ry. Co. v. Green (8 Cir.) 164 F. (2d) 55, 61."

In Luther v. Standard Conveyor Co. 252 Minn. 135, 141, 89 N. W. (2d) 179, 184, this court stated:

"* * * A party is entitled to an instruction based upon his theory of the case if there is evidence to support it; and if the requested instruction is not entirely proper, it is the duty of the court to correct it."

While the rule in Hagen v. Snow, *supra,* is subject to some qualifications, as discussed in Manion v. Tweedy, 257 Minn. 59, 100 N. W. (2d) 124, the rule is applicable to this case. See, also, Swanson v. LaFontaine, 238 Minn. 460, 57 N. W. (2d) 262; Bylund v. Carroll, 203 Minn. 484, 281 N. W. 873; Markle v. Haase, 245 Minn. 520, 73 N. W. (2d) 362; Floen v. Sund, 255 Minn. 211, 96 N. W. (2d) 563; Chicago & N. W. Ry. Co. v. Green (8 Cir.) 164 F. (2d) 55.

For refusal of the court to give the requested instructions above set out, a new trial is granted.

■ Defendant complains of several instances of claimed misconduct on the part of plaintiff's counsel in his argument to the jury and in the presentation of testimony. Because of the state of the record, most of them are not before us. Since a new trial has been ordered on other grounds and the case may appear in this court again, we intend to comment on some instances of claimed misconduct found in the record so as not to have to meet them again later.

Near the beginning of his argument, plaintiff's counsel told the jury:

"* * * The Congress of the United States in drafting the law that applies to this particular case [the Federal Employees' Liability Act], didn't single out this case to draft the law which years and years ago *the time when the railroads were being given great grants of land and that sort of thing,* Congress saw fit to enact a law * * *." (Italics supplied.)

If that statement was made for any other purpose than to create prejudice against defendant, we are not keen enough to see it. Later on he said:

"* * * You can't compensate him for anything that does not appear in the evidence. You can't compensate for the physical therapy in the future; you can't compensate him for the psychiatric care that he is

going to need in the future. You can't compensate him for attorney's fees. You can't compensate him for the potential loss of pension * * *."

It is evident that the purpose of calling attention to these matters in a negative form was to have the jury keep them in mind when considering the amount of the damages. It is only another way of presenting improper evidence to the jury.

The very last question asked of plaintiff in his redirect examination was:

"Q. Now since the time of this accident, how have you been living after moving out of the home that you told us you were living in?"

Objection to the question was overruled, and plaintiff answered:

"A. I had some sick benefits and after they elapsed I was without anything to eat for several months and then finally I went on relief and I am now getting fifty dollars a month."

The court sensed the prejudicial effect of this answer. Before counsel for defendant could object, the court said:

"That is all stricken. I didn't anticipate that was what it called for."

At defendant's request, the jury was told that it must disregard what was said in response to the question. From the timing of the question and its form, it is difficult to believe that the answer was not "anticipated" by counsel. It was so prejudicial that there was nothing the court could have done to have cured the damage. There are some things that cannot be erased, blotted out, or burnt out from the minds of the jury.

There are other claims of misconduct, such as the evidence concerning plaintiff's family responsibilities, but enough has been said to indicate that there is a good basis for the feeling on the part of defendant that it did not get a fair trial.

Since there will be a new trial, we are not considering the claimed excessiveness of the very large verdict.

Order reversed.