IONE L. WALKER AND ANOTHER v. DAVID H. RUVELSON.

102 N. W. (2d) 19.

March 4, 1960—No. 37,824.

392

*Douglass, Sheets & Bell, James R. Bell,* and *James M. Shultz,* for appellant.

*Loftsgaarden & Loftsgaarden,* for respondents.

Thomas Gallagher, Justice.

Action for injuries and property damage arising out of an automobile collision in which plaintiff Ione L. Walker recovered a verdict for $5,000 for injuries; and plaintiff James A. Walker, her husband, one for $2,617 special damages, both against defendant, David H. Ruvelson.

Defendant appeals from an order denying his motion for judgment notwithstanding the verdict or for a new trial. It is his contention that the court erred in failing to charge the jury that a speed in excess of 30

miles per hour within a municipality constitutes negligence per se and in charging the jury that the contributory negligence of Ione L. Walker, the driver, would not bar recovery for property damage by her husband as vehicle owner.

The collision occurred at the intersection of Ford Parkway and Fairview Avenue in St. Paul on December 3, 1956. At the time the intersection had arterial stop signs on all four corners. The evidence disclosed that James A. Walker had driven his automobile to the Wold-Chamberlain Airport accompanied by Mrs. Walker and the minor son of the couple. Mr. Walker remained at the airport while Mrs. Walker, with the boy as passenger, undertook to return the car to their residence. It was on the return trip that the accident took place.

As Mrs. Walker approached the intersection, traveling in a northerly direction on Fairview Avenue, defendant approached it from the east on Ford Parkway. Mrs. Walker testified that she stopped for the intersection and then proceeded to cross it at a speed of from 12 to 15 miles per hour; that after she entered it she saw defendant's car approaching from her immediate right and believed that it would stop; that defendant failed to do so; and that the collision followed almost immediately when his car struck the right side of the Walker car.

Defendant testified that as he approached the intersection he first observed the Walker car proceeding northerly on Fairview Avenue from approximately 125 to 150 feet to the south of the south curb line of Ford Parkway; that he stopped for the intersection; that when he next looked to his left after entering the intersection he observed the Walker car about 10 feet to the left and 2 feet to the west of his car within the intersection; that he then applied his brakes but that it was too late to avoid a collision; that he would say "the Walker car was traveling at around thirty to thirty-five miles an hour." A witness on defendant's behalf testified that the Walker car did not stop for the intersection and traveled through it at a speed of from twenty-five to thirty miles per hour. These conflicting statements were resolved in favor of plaintiffs.

At the close of the testimony defendant's counsel requested that the trial court instruct the jury as follows:

"That at the time of this accident, the plaintiff, Ione L. Walker, was operating the vehicle of her husband, James A. Walker, in a agent and principal relationship and/or a servant and master relationship, and that therefore the contributory negligence of the plaintiff, Ione L. Walker, is imputed to the plaintiff, James A. Walker, not only for the special damages incurred in regards to the injuries suffered by her, but also to the damages of the plaintiff, James A. Walker, to his 1955 Packard automobile.

\*  \*  \*  \*  \*

"Section 169.14, Subdivisions 1, 2, 3, and Section 169.20, Subdivision 3, the part which reads as follows:

" 'The driver of a vehicle shall likewise stop in obedience to a stop sign, as required herein, at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway.' "

The court's instructions to the jury were in part as follows:

"The defendant asserts as an affirmative defense the claim that Mrs. Walker was herself negligent, and that her negligence proximately contributed to cause the accident. \* \* \* In support of this defense the defendant asserts that *Mrs. Walker violated the statute requiring a stop before entering the intersection, and that she was negligent in failing to keep a reasonable lookout for other vehicles* on the highway, and that her negligence proximately contributed to the cause of the accident." (Italics supplied.)

They also included the following:

"\* \* \* As to the speed, the law of the state provides that no person shall drive a vehicle on a highway at a speed greater than reasonable and prudent, under the conditions and having regard to the actual and potential hazards then existing. \* \* \*

"Where no special hazards exist the speed of thirty miles per hour in a municipality is lawful.

\*  \*  \*  \*  \*

"* * * a violation * * * of the Highway Traffic Law, which I have called to your attention, by either driver, is prima facie evidence of negligence on the part of the driver violating the statute. That means that in the absence of reasonable excuse or justification, or in the absence of circumstances such as to justify the driver in assuming his violation of the statute would not reasonably endanger him or any other person, *a violation of the statute is negligence on the part of the person violating the same.*" (Italics supplied.)

With reference to the first requested instruction, the trial court instructed the jury as follows:

"* * * Now Mr. Walker would be entitled to recover as to these two items, namely, the medical expense, and the loss of consortium, only if his wife is entitled to recover damages for her injuries. * * *

"Mr. Walker also seeks to recover compensation for the damage done to his automobile. His claim as to this element of damage stands on a somewhat different footing than does his claim for medical expense, and for loss of consortium. * * * it clearly appears that Mr. Walker was the owner of the automobile * * * and that Mrs. Walker was driving it with his consent. It is the law of this state that under these circumstances, if the fair preponderance of the evidence establishes that the defendant was negligent, and that his negligence was a proximate cause of the accident, the owner of the automobile may recover for the damage done to his car. His right to recover on this item—that is, the damage done to his car—is not defeated by the fact, if it be a fact, that his wife was also contributorily negligent."

At the close of the instructions, the court asked "Are there any omissions?" No response was made by counsel for defendant. The claim of error in the instructions as above outlined was first asserted in defendant's motion for judgment notwithstanding the verdict or for a new trial.

In a memorandum attached to the order denying defendant's motion, the trial court stated:

"* * * it is contended that the Court erred in not reading the sentence of the speed statute providing that a speed in excess of thirty-miles an hour in a municipality is negligence as a matter of law. * * *

At the conclusion of the charge the Court asked counsel if there were any omissions or errors, and none were called to the Court's attention. This error, if it was error, is error as to substantive law if there was any serious question in the case about speed. The court's own notes do not indicate that any witness testified to a speed higher than twenty-five miles an hour, but an examination of the reporter's notes show that the defendant did testify as follows: 'I would say the Walker car was traveling at around thirty to thirty-five miles an hour.' Counsel for the defendant made a request for instructions on the speed statute. Whether or not the testimony quoted would be sufficient to justify a jury in concluding that the Walker car was operated at a speed in excess of thirty miles an hour would be questionable, but in view of the whole record it appears to the Court that the error, if there was any, was inconsequential, and the Court's attention should have been directed to it at the time.

"The instructions as to Mr. Walker's right to recover may or may not have been erroneous. In any event, it would be error without prejudice as the jury has found that Mrs. Walker was not negligent."

■ We do not find error in the trial court's charge. It is true that a speed in excess of 30 miles per hour within a municipality constitutes negligence per se, and that, under proper circumstances where this is an issue, the trial court is required to so charge the jury. Butler v. Engel, 243 Minn. 317, 68 N. W. (2d) 226. In the instant case it does not appear that the question of the speed of the Walker car was in issue. Defendant's contentions relating to Mrs. Walker's negligence were that she had failed to stop at the intersection, and that she had failed to keep a reasonable lookout for other vehicles. These issues were vigorously tried and examination of witnesses by defendant's counsel was directed toward establishing defendant's contentions relative thereto. The only testimony as to the speed of the Walker car was that of defendant who testified that he would say "the Walker car was traveling at around thirty to thirty-five miles an hour" and that of a witness on his behalf who testified that it was traveling from twenty-five to thirty miles per hour. We do not feel that such testimony would compel an instruction such as defendant now contends should have been given. Manion v. Tweedy, 257 Minn. 59, 100 N. W. (2d) 124.

■ Further, it is to be noted that in its instructions the court stated that defendant's claim as to negligence on the part of Mrs. Walker was that she had "violated the statute requiring a stop before entering the intersection, and that she was negligent in failing to keep a reasonable lookout for other vehicles * * *." Apparently defendant was content to so limit the theory of his defense for no exception was taken to the court's instruction in this respect. Likewise, he appears to have been satisfied with the instructions relative to speed. Therein the court read the statutes relating to speed generally and also made the statement that "Where no special hazards exist the speed of thirty miles per hour in a municipality is lawful" and that "a violation of the statute is negligence on the part of the person violating the same." If this did not cover defendant's requests, it was the duty of his counsel to direct the court's attention to this fact, particularly since his requests, as above indicated, included only a general reference to M. S. A. 169.14, subds. 1, 2, 3, and 169.20, subd. 3, coupled with his apparent limitation thereof to "the part which reads as follows":

"The driver of a vehicle shall likewise stop in obedience to a stop sign, as required herein, at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway."

Under these circumstances the court could justifiably have concluded that the instructions were in accordance with defendant's theory of the case and in substance covered those requested by him. Manion v. Tweedy, *supra*; Wolle v. Jorgenson, 256 Minn. 462, 99 N. W. (2d) 57; Jablinske v. Eckstrom, 247 Minn. 140, 76 N. W. (2d) 654. Accordingly, we must hold that any error therein would not constitute the basis for a new trial.

■ The jury having determined that Mrs. Walker was free from contributory negligence and the instruction not being in error, it will not be necessary for this court to pass on questions relating to instructions as to Mr. Walker's rights and obligations with reference to damages since they would be material only in the event of a finding of negligence on the part of Mrs. Walker.

Affirmed.