# HOWARD F. WALDSTEIN v.
## WILLIAM E. AMANN, ADMINISTRATOR OF
## ESTATE OF BERTHA ANN AMANN.

208 N. W. (2d) 215.

March 10, 1961—No. 38,098.

*Swensen & Miley* and *Irving Gotlieb,* for appellant.
*Best, Flanagan, Lewis, Simonet & Bellows* and *Hobson & Cady,* for respondent.

FRANK T. GALLAGHER, JUSTICE.
Appeal from an order of the district court denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

On July 13, 1958, at about 6 p. m. plaintiff, Howard F. Waldstein, was driving his Ford automobile in an easterly direction on Highway No. 101 about 2.4 miles east of Shakopee, Minnesota. He was accompanied by his wife, who sat in the front seat beside him. The road was straight and dry, the day was clear with good visibility, and the sun was shining. At about that time and place his car became involved in a collision with a westbound Chevrolet automobile driven by Bertha Ann Amann, who was killed in the accident. Plaintiff brought this action against the administrator of her estate.

The question raised by this appeal is whether the trial court erred in failing to give one of defendant's requested written instructions in the form in which it was submitted. Because it appears that the determinative issue is a legal one, we shall limit the fact details to what we deem necessary to understand the question raised.

Plaintiff testified that for several miles prior to the collision he had been following an automobile driven by one William King and that both cars were traveling about 50 to 55 miles per hour. He said that when he was 2½ miles east of Shakopee he met an automobile approaching from the opposite direction which he later learned was driven by Deputy Sheriff Luburne Kamps of Sibley County.

The deputy testified that he was driving his car about 50 to 55 miles per hour when he noticed through his rearview mirror that the Chevrolet which had been following him for several miles turned out to pass him. As he observed the Chevrolet, which was driven by Mrs. Amann, attempting to pass, he saw two cars coming from the west. The first car, which he later learned was the King car, was followed by plaintiff's car about 100 feet back. As the Amann car attempted to pass his car, Kamps said that the King car veered off the road quite suddenly and "took the shoulder." At about that time the witness veered his car to the right as far as he could but the right rear of the Amann car hit the left side of his car after colliding with plaintiff's Ford. Kamps testified that he lost control of his car after it was hit, that it veered across the highway and went into the ditch on the south side of the highway.

It appears from the record that the collision between plaintiff's and Mrs. Amann's cars took place entirely on the southerly half of the road. Officer Roger Dedeker of the Minnesota Highway Patrol testified

that the highway was of asphalt, 24 feet 3 inches wide, with white centerline, and that the road to the east of the place of impact was straight for about four-tenths of a mile. According to his testimony, there were skid marks of 23 feet 4 inches on the south half of the highway attributable entirely to plaintiff's car and no skid marks attributable to the Amann car. The left front wheel of the plaintiff's car was approximately 2 to 2½ feet south of the centerline at the point of impact; all of the debris also indicated that the point of impact was on the south side of the centerline.

While plaintiff's testimony was substantially in agreement with that of Kamps and Dedeker, he claims that since the King car was traveling ahead of his vehicle approximately 100 feet, his vision of the road ahead was obstructed beyond the King car. He said that when the King car suddenly veered onto the shoulder he immediately took his foot off the accelerator because he did not know what course of action the driver of the King car was going to take nor the reason King left the traveled portion of the highway.

Both plaintiff and his wife testified that when the King car turned ónto the shoulder a cloud of dust arose and blew across the pavement obscuring their view ahead. Plaintiff said that he first observed the Amann car as it emerged through the dust about 125 to 150 feet away and that when he first saw it he applied his brakes and attempted to turn his car to the right. It did not turn but instead skidded straight ahead about 23 feet 4 inches.

Depositions by William King, driver of the car which turned onto the shoulder, and Lloyd King, a passenger in that car, were placed in evidence. They substantially agreed with the other witnesses as to the time and place of the accident, but claimed that when they first observed the Amann car it was approximately 1,000 yards away and was pulling out of the north lane attempting to pass three other cars in that lane. Their depositions further stated that the plaintiff's automobile was about 150 to 200 yards behind them, that they had plenty of time to pull off to the south shoulder to avoid being hit by the Amann car; that there was nothing, to their knowledge, to prevent the plaintiff from doing likewise, as the shoulder was wide enough so that a car

could be driven completely off the road; and that they did not notice any dust raised by their driving onto the shoulder.

Defendant claims that the court erred in refusing to give the requested written instruction because it pinpointed the law applicable to the specific situation involved herein. It appears to be his position that it was the duty of plaintiff, upon seeing a vehicle on his side of the road, to turn off the road in order to avoid collision when it appeared that the approaching car could not, or would not, get back into its lane of traffic. The requested instruction was as follows:

"The driver of an automobile on his own side of the road must exercise due care to avoid collisions with other vehicles, even with those on his side of the road, and, while he may assume that an approaching vehicle on his side of the road will turn and get on its right side, he will not be permitted to act on that assumption where the factual basis for it has disappeared, as, for example, where it becomes apparent that the driver on the wrong side of the road either will not or cannot turn back to his right side. The fact that a motorist is on the wrong side of the road will not justify another driver to collide with him.

"Failure by such person driving on his own side of the road, as aforesaid to exercise such due care, in avoiding a collision, if you find that he failed to exercise such due care, constitutes negligence on the part of such driver and bars his recovery rights."

He cites Kapla v. Lehti, 225 Minn. 325, 30 N. W. (2d) 685, and Coble v. Lacey, 252 Minn. 423, 90 N. W. (2d) 314, in support of his position.

After examining the requested instruction, the trial judge stated that he would not give it in the form submitted, nor was he convinced that the rule in the Kapla case was particularly applicable to the facts in this case. However, he did give the following instruction:

"The plaintiff, Mr. Waldstein, was charged with the responsibility of keeping a lookout and, when the danger of a collision became apparent, of using ordinary care to take such steps, if any steps could be taken, to prevent a collision, such steps as a reasonably prudent man would take under like or similar circumstances; but, in testing such

responsibility, you will take into account all of the facts and the circumstances which are in evidence as to the physical situation, the time in which action could be taken, *the actions of the parties, Mr. Waldstein and the Deceased, immediately prior to the collision,* and all the facts and the circumstances and the evidence surrounding this particular collision at the time and place which has been testified to." (Italics supplied.)

While defendant's requested instruction is taken largely from the language used in Kapla v. Lehti, *supra,* the fact situation here is different from that case. That case involved a head-on collision in which plaintiff, a guest in one car, claimed that both drivers had been negligent. The driver of the car in which plaintiff was riding turned out of his lane to pass another car, was unable to do so, and could not get back into his lane because of traffic. The evidence disclosed that the driver of the other car had an unobstructed view of the highway for about 1,400 feet but by his own admission did not see the car in which plaintiff was riding until he was within 60 feet of the vehicle, which had come to a complete stop before the collision.

The court in the Kapla case was describing what might or might not constitute negligence in a given situation. In the instant case the plaintiff testified that his view ahead was obstructed by the King car and that he did not see the oncoming Amann car until it emerged through the dust 125 to 150 feet away.

The Coble case also involved a guest plaintiff and a different fact situation. The evidence there showed that defendant's car was operating at a very slow rate of speed, about 15 miles per hour, at the time of the collision and turned into the other lane of traffic to make a left turn. We do not consider these cases controlling under the facts and circumstances here.

In support of his contention that it is error to deny a litigant a requested specific instruction based on his theory of a particular issue where there is evidence to support such theory and where such an instruction would enable a jury to determine the issues of the case intelligently, defendant cites as controlling Hagen v. Snow, 244 Minn. 101, 69 N. W. (2d) 100; Manion v. Tweedy, 257 Minn. 59, 100 N. W.

(2d) 124; and Phillips v. G. N. Ry. Co. 257 Minn. 195, 100 N. W. (2d) 765.

In January 1960 in the Phillips case we said that while the rule in Hagen v. Snow, *supra,* is subject to some qualifications as discussed in Manion v. Tweedy, *supra,* it was applicable in the Phillips case. That case, however, involved a different fact situation from the case at bar. An issue was raised as to whether a railroad company had failed to furnish a safe place for an employee to work because a light bulb had burned out, and we held that the trial court erred in refusing to give a requested instruction that the burned-out bulb was not evidence of negligence unless the railroad company had had a reasonable opportunity to replace it.

In Manion v. Tweedy, *supra,* a patient's action against a physician for malpractice, plaintiff claimed that under Hagen v. Snow, *supra,* he was entitled to a specific instruction on his theory of the case as against a general or abstract instruction. This court said that while a party is entitled in a proper case to a specific instruction on his theory of the case as against a general or abstract instruction, the rule is subject to several qualifications. One of these is that there must be evidence to support the theory advanced before a litigant is entitled to an instruction and that the theory advanced must be consistent with the rules of law governing the rights and duties of the parties. The court went on to say that the rules governing a review of the sufficiency of the instructions to the jury may be summarized as follows: The charge of the trial court must be viewed in its entirety and from a practical, commonsense point of view. The trial court is allowed considerable latitude in the language used, and a new trial will not be granted where requested instructions are refused when the general charge fairly and correctly states the applicable law. All that is required is that the charge as a whole convey to the jury a clear and correct understanding of the law. It is unnecessary that every possible opportunity for misapprehension be guarded against. If the charge fairly lays down the law of the case, it is sufficient. Usually it is preferable to give a general charge, if practicable, upon the whole law of the case rather than to run the risk of overemphasizing one side of the case or

confusing the jury as is often done by giving requested instructions or particularizing upon specific items.

In Floen v. Sund, 255 Minn. 211, 96 N. W. (2d) 563, defendant contended that the trial court erred in failing to instruct the jury specifically as to his theory of the case. The requested instructions were based on defendant's theory that either the car which he claimed forced him off the road or the prevailing weather conditions created a situation in which the accident was unavoidable and thus not the result of negligence. While this court did not agree with his contention, we stated that we were not unmindful of the rule that a party is entitled to a specific instruction based upon his theory of the case. We pointed out that this rule has limitations, saying (255 Minn. 215, 96 N. W. [2d] 567):

"* * * First, there must be evidence to support it. Second, there is no requirement that those instructions which are prepared by counsel must be given in their entirety, and, when they are not completely proper, it is the duty of the court to correct them. Third, there is no reason to give one theory a disproportionate emphasis. Accordingly we have held that it is preferable to 'charge the jury in an orderly, systematic, and consecutive manner in a general charge upon the whole law of the case' after considering all the requested instructions."

Swanson v. LaFontaine, 238 Minn. 460, 469, 57 N. W. (2d) 262, 268; Markle v. Haase, 245 Minn. 520, 73 N. W. (2d) 362; and see, Bylund v. Carroll, 203 Minn. 484, 281 N. W. 873.

In reviewing the evidence in the light most favorable to the plaintiff, the prevailing party, as we are required to do, the basic question here is whether or not he acted with due care under the circumstances which confronted him in the brief time he had to act before the collision occurred. The record satisfies us that this was a question of fact for the jury.

It is our opinion upon an examination of the instructions as a whole in the instant case, that they presented to the jury a clear and correct understanding of the law and that the trial court did not err in failing to grant defendant a new trial because of its refusal to give the instruction as requested by the defendant.

Affirmed.