RALPH SAUKE AND OTHERS v. MELVIN BIRD AND ANOTHER.

125 N. W. (2d) 421.

December 13, 1963—No. 38,917.

*Erickson, Zierke & Kuderer,* for appellants.
*O. Russell Olson* and *Olson & Graven,* for respondents.

OTIS, JUSTICE.

This litigation arose out of a head-on collision between a tractor-trailer driven by defendant Melvin Bird and an automobile owned by plaintiff Ralph Sauke and operated by decedent, Bruce Meyer. It occurred on January 3, 1961, at about 8:30 in the evening on U. S. Highway No. 16, a mile or two west of Brush Creek, Minnesota. Ver-

dicts were rendered in favor of the plaintiffs in the sum of $500 for damage to the Sauke automobile and $5,000 for the wrongful death of Bruce Meyer. Defendants appeal from an order denying their motion for judgment n. o. v. or a new trial. (Bird will hereafter be referred to as defendant.)

Because defendant was the only surviving eyewitness, plaintiffs' evidence was largely circumstantial. Defendant testified that at the time of the accident he was headed west and that decedent, approaching from the opposite direction, appeared to be driving in a normal manner until the two vehicles were about 50 feet apart. Then, according to defendant, decedent suddenly veered into the north lane, striking the front left wheel of the tractor, shearing off the side of decedent's car as it sideswiped the trailer, propelling both vehicles off the highway into the south ditch. Most of the debris was on decedent's half of the roadway. However, a highway patrolman was permitted to testify that the impact appeared to have occurred in defendant's lane of travel. There were tire marks made by the tractor which both sides claimed supported their theories of liability.

■ Defendants argue that the evidence does not permit a finding that defendant was negligent since as a matter of law his direct evidence was not rebutted by a fair preponderance of circumstantial evidence. Defendants requested instructions with respect to the effect of unimpeached testimony and the rule governing the treatment of equally plausible inferences based on circumstantial evidence. Both requests were denied. We hold that while they may have been correct recitations of the abstract law found in our judicial opinions,[1] it does not follow that in the form presented the court was obliged to adopt them to the exclusion of its own form of expression.[2]

---

[1]Saaf v. Duluth Police Pension Relief Assn. 240 Minn. 60, 67, 59 N. W. (2d) 883, 887.

[2]Manion v. Tweedy, 257 Minn. 59, 64, 100 N. W. (2d) 124, 128; State v. Wilson, 238 Minn. 447, 452, 57 N. W. (2d) 412, 415; Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 253, 212 N. W. 413, 414; Barnes v. Northwest Airlines, Inc. 233 Minn. 410, 420, 47 N. W. (2d) 180, 187; Minnesota Jury Instruction Guides, Instruction 29. See, also, Zurko v. Gilquist, 241 Minn. 1, 5, 62 N. W. (2d) 351, 354.

We are of the opinion that the jury was justified in inferring from both the direct and circumstantial evidence that the collision occurred on decedent's side of the highway notwithstanding the direct testimony of defendant to the contrary.[3] The physical facts with respect to the location of the debris, tire marks, and vehicles after the accident, together with the manner in which defendant was thrown from behind the wheel to the right of his cab, permit a finding which adopts plaintiffs' theory that defendant was struck from the right while he was headed obliquely into decedent's lane.

■ Defendants assert that the verdict of $5,000 in favor of decedent's trustee was excessive as a matter of law. At the time of his death Bruce Meyer was 28 years of age and was living with his parents. He had been in a mental hospital for 5 years and had been discharged only 3 months before the accident. Although the evidence of his earning capacity is scant, he had substantially recovered from his illness. The jury could find that under the rules we announced in Fussner v. Andert, 261 Minn. 347, 113 N. W. (2d) 355, his family have suffered a substantial pecuniary loss not only in being denied his services, but in being deprived of the advice, comfort, assistance, and protection which they could expect from him in the future. We hold that the award was not excessive.

■ Defendants requested three instructions elaborating and expanding on those given by the court concerning the effect of the statutory presumption of due care on the part of decedent.[4] The charge given by the court was as follows:

"Now you are instructed that under Minnesota law it is presumed that Bruce Meyer at the time of the automobile collision which caused this death was acting in the exercise of due care for his own safety. However, that presumption may be rebutted or overcome by evidence to the contrary, and it is for you, the jury, to determine whether this

---

[3]Knudson v. Nagel, 238 Minn. 186, 191, 56 N. W. (2d) 420, 423; Frank v. Stiegler, 250 Minn. 447, 451, 84 N. W. (2d) 912, 916; Minnesota Jury Instruction Guides, Instruction 20.

[4]Minn. St. 602.04.

presumption of due care is rebutted by the evidence in this case."[5] While the requested instructions correctly embodied the applicable law, in each instance they concluded with a statement couched in terms which gave undue weight to defendants' position. Conceding that the charge as given may have suffered from brevity, we believe it adequately presented the rule with respect to the presumption of due care.

■ On direct examination, one of plaintiffs' witnesses testified over defendants' objection that on the day of the accident he had observed decedent driving in a careful manner, not exceeding 50 miles an hour. Under our decisions it was clearly error to receive this testimony.[6] However, as matters developed, we believe it was not prejudicial because thereafter defendants doggedly attempted to show that decedent's prior mental illness adversely affected his capacity to drive. In counteracting this impression, plaintiffs introduced evidence of decedent's safe driving habits dating back many years. Although much of this testimony was so remote as to have little probative value, we hold that under the circumstances no prejudice resulted. Unless there is some valid foundation for relating a driver's mental or emotional aberration to the events of the accident, attempts to inject such an issue into the case are improper. Where there have been persistent efforts to attach importance to the driver's mental condition, we have held that positive testimony of his present competence to operate a motor vehicle may be received by way of rebuttal.[7]

■ A more difficult question is presented by the court's failure to read to the jury any of the statutory rules of the road or to give any instructions with respect to lookout and control. While defendants took no exception to the charge and did not raise the issue until they moved for a new trial, they now assert that under Rule 51, Rules of Civil Procedure, they are entitled to a reversal because of errors and omissions in the instruction with respect to fundamental law which by inadvertence and oversight they neglected to call to the court's atten-

---

[5]Compare Minnesota Jury Instruction Guides, Instruction 106.

[6]Ryan v. International Harvester Co. 204 Minn. 177, 182, 283 N. W. 129, 131.

[7]Wolle v. Jorgenson, 256 Minn. 462, 468, 99 N. W. (2d) 57, 62.

tion.[8] Specifically, defendants contend that the following statutes should have been read in connection with the issue of contributory negligence: Minn. St. 169.14, subds. 1 and 2, with respect to speed; § 169.18, subd. 2, with respect to passing on the right; § 169.18, subd. 7(a), with respect to driving in a single lane; and § 169.96, with respect to prima facie negligence resulting from a violation. ·

The charge which the court did give was as follows:

"Now I'd like to sum up and point out to you the principal issue in this case, if I may. If you find by a fair preponderance of the evidence that the semi truck-trailer, driven by Melvin Bird, at the time of impact with the Sauke car protruded south across the center line of Highway 16, no matter how slightly, and that the Sauke car, driven by the decedent Bruce Meyer, was at the time of impact and at all times prior thereto wholly to the south of the center line of Highway 16, then your verdict should be for both plaintiffs in these consolidated cases and against both defendants.

"If on the other hand you find by a fair preponderance of the evidence that the Sauke car, driven by decedent Bruce Meyer, was in any part to the north of the center line of Highway 16 at the moment of impact, or immediately prior thereto, then your verdict should be for the defendants in both cases, regardless of whether or not you find that the semi truck-trailer also had crossed the center line into the oncoming lane at or prior to impact."

Plaintiffs in their brief and the court in his memorandum take the position that there was an understanding between counsel and the court that the only issue of negligence to be submitted to the jury was the one on which the court charged. However, defendants in their brief stoutly deny that such an agreement existed. Unfortunately, the parties did not follow the wholesome practice of reading their stipulation into the record, a salutary measure which would obviate much controversy

---

[8] In a number of cases we have deplored the failure of able and experienced lawyers to comment on inadequate instructions after being invited to do so. Hubred v. Wagner, 217 Minn. 129, 134, 14 N. W. (2d) 115, 117; Hess v. Koskovitch, 241 Minn. 174, 179, 62 N. W. (2d) 806, 809; Jablinske v. Eckstrom, 247 Minn. 140, 148, 76 N. W. (2d) 654, 659.

on appeal. It is therefore incumbent on us to determine whether the record reveals a *tacit* agreement to limit the negligence issue. Clearly the charge is inadequate with respect to contributory negligence unless such an understanding may be spelled out.

We do not have a transcript of defendants' argument but have in the record the argument of plaintiffs' counsel which followed, and which refers to defendants' summing up. Counsel for plaintiffs stated in his argument, among other things:

"* * * Now defense counsel has just admitted that apparently speed is out of the case * * *. * * * Mr. Zierke, the defense counsel, concedes now that speed is not an issue in the case * * *."

Later in his argument counsel refers to four theories presented by defendants to prove decedent crossed the centerline. All of the argument is directed to the point of impact, the other claims of contributory negligence having apparently been abandoned. While the court did not read the statutory rules governing the use of the right half of the highway, the charge as given adequately summarized the conclusions which the jury had to draw from the applicable law and directed their manner of proceeding after establishing the point of impact.[9]

Whether or not the statutes and rules omitted constitute fundamental law we need not decide. We hold that the record compels a finding the parties tacitly agreed to submit the case in the manner charged and to withdraw from the jury all other issues of fact.[10] Under these circumstances Rule 51 has no application.

We have considered the other assignments of error and find them to be without merit.

Affirmed.

---

[9]Cf. Francis v. Wilson, 249 Minn. 508, 512, 83 N. W. (2d) 248, 251.

[10]Harris v. Eggermont, 196 Minn. 469, 473, 265 N. W. 322, 324; Thelen v. Spilman, 251 Minn. 89, 98, 86 N. W. (2d) 700, 707; Walker v. Ruvelson, 257 Minn. 391, 397, 102 N. W. (2d) 19, 23.