## JACK MARTINSON v. MARGARET SCHERBEL.

129 N. W. (2d) 802.

July 17, 1964—No. 39,050.

*Schermer & Gensler* and *Sheldon J. Gensler,* for appellant.
*Sullivan & Schiefelbein* and *Mark Sullivan,* for respondent.

OTIS, JUSTICE.

Plaintiff recovered damages against defendant for personal injuries he sustained when plaintiff's motorcycle collided with defendant's automobile. Defendant appeals from the judgment and from an order denying judgment n. o. v. or a new trial.

The jury could find from the evidence that on the morning of August 5, 1959, plaintiff was operating his motorcycle in a westerly direction on West Seventh Street in the city of St. Paul between the parking lane and the lane adjacent to the centerline which was then occupied by a vehicle being driven by one James Bird. When they were some 20 or 30

feet east of the intersection with Smith Avenue, the automatic traffic signal changed from red to green which prompted plaintiff to accelerate his cycle, then adjacent to the right rear fender of the Bird car. When the Bird car reached a point 6 to 8 feet into the intersection, Bird abruptly applied his brakes to avoid a collision with the defendant who was crossing the intersection from his left on Smith Avenue. Defendant passed in front of Bird and missed his car by the margin of only a foot or two. Although plaintiff did not see the defendant's vehicle until the moment of impact, having heard the application of brakes, he attempted unsuccessfully to stop. The front of the cycle collided with the rear-right portion of defendant's vehicle, throwing plaintiff to the pavement and causing him serious injury. West Seventh Street is 56 feet in width. Smith Avenue intersects at an angle of approximately 120 degrees and runs in a northeasterly-southwesterly direction.

■ Defendant assigns as error the court's refusal to instruct the jury with respect to the application of Minn. St. 169.18, subd. 4(d), which reads thus:

"The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. * * *"

In the memorandum accompanying his order the court states that he declined to charge with respect to § 169.18 because the court was of the opinion—

"* * * that this was not a case of plaintiff overtaking and passing another vehicle, but, rather, plaintiff finally did pass the vehicle to his left solely because of the situation caused by the defendant. The driver of the automobile to plaintiff's left was able to stop faster than plaintiff on his motorcycle."

Under the peculiar circumstances of this accident, we are of the opinion that the trial court's ruling was correct. It is conceded that plaintiff's view was obstructed by the Bird car, and had Bird remained at a standstill after the sign changed it would clearly have been a violation of the statute for plaintiff to proceed into the intersection without

determining whether he could do so with safety. However, whether plaintiff would ultimately have passed Bird but for the sudden and unexpected stop is entirely a matter of conjecture. As long as plaintiff had the green light and was screened by the Bird car, it was reasonable for him to assume that he was protected from vehicles approaching from the left if he did not proceed ahead of Bird.

Defendant complains that the failure to read the statute deprived her of the right to present adequately her theory that the accident resulted from plaintiff's proceeding into the intersection blindly. It is difficult to discern prejudice, however, since the "conditions permitting such movement in safety" contemplated by the statute were fully defined and their existence and applicability submitted to the jury for decision elsewhere in the charge. We think that issue was adequately submitted by the court's charge on right-of-way and the instruction that both drivers had a duty to keep a proper lookout and to keep their vehicles under reasonable control.

The facts in the instant case are strikingly similar to those in Chapman v. Mason, 83 Cal. App. (2d) 685, 189 P. (2d) 510. Although the question in that case was whether the findings were justified by the evidence, under almost identical circumstances the California court sustained a finding in favor of the cyclist and concluded that the act of passing was "almost an involuntary one."

The Missouri court has held that a statute prohibiting passing at an intersection is not violated by driving in front of another vehicle when the vehicle passed has come to a sudden stop without warning. That court in Egan v. Palmer, 221 Mo. App. 823, 293 S. W. 460, held that the movement of the passing car was not a voluntary act on the part of the driver. We concur in these views and hold that the jury would not have been justified in finding plaintiff violated § 169.18, subd. 4(d).

■ A more difficult question is raised by the court's instruction distinguishing common-law negligence from negligence arising out of a violation of the highway code. So far as pertinent the court charged the jury thus:

"* * * [A] violation of any of those laws or statutes just read by

any party to a lawsuit is not negligence by itself but is called prima facie evidence of negligence only."

The court then explained to the jury the meaning and effect of "prima facie evidence of negligence." Thereafter, in defining the rules of the road, including lookout and control, the court concluded with this statement:

"* * * Now, a violation of any of the duties imposed by this so-called common law rule just read to you is not prima facie evidence of negligence, but is negligence so-called per se, a violation of that law or the duties imposed is negligence in itself."

Defendant failed to except to the charge but assigned it as grounds for a new trial, alleging the error to be one of fundamental law under Rule 51, Rules of Civil Procedure.

Viewing the charge as a whole, we are of the opinion that the instruction was erroneous but not prejudicial.

It is incorrect to state that the violation of a common-law duty is negligence in itself or negligence per se. This is the rule governing non-traffic statutory violations, and the jury may always find that the breach of duty was excused or justified by virtue of the circumstances of the particular case.[1] However, the issue on which liability hinged in the instant case was whether defendant was legally within the intersection when the signal changed. Defendant's position at the trial focused on her contention that she remained in the intersection after the signal was red because she was trapped by circumstances beyond her control. This question was resolved by reference to the rules governing statutory traffic violations.[2] Had defendant's common-law negligence been

---

[1]Peterson v. Minneapolis St. Ry. Co. 226 Minn. 27, 33, 31 N. W. (2d) 905, 908; Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 196, 206 N. W. 377, 378; Osborne v. McMasters, 40 Minn. 103, 105, 41 N. W. 543; Swoboda v. Brown, 129 Ohio St. 512, 522, 196 N. E. 274, 278.

[2]Minn. St. 169.96; Olson v. Duluth, Missabe & I. R. Ry. Co. 213 Minn. 106, 113, 5 N. W. (2d) 492, 496; Hagen v. Snow, 244 Minn. 101, 69 N. W. (2d) 100; Borris v. Cox, 245 Minn. 515, 73 N. W. (2d) 372; Lynghaug v. Payte, 247 Minn. 186, 76 N. W. (2d) 660, 56 A. L. R. (2d) 1090.

a decisive issue in the case, we are satisfied her attorney would have taken prompt exception to the court's charge at the time it was given. Viewed in this light, and without deciding whether it involved fundamental law, we hold the charge was not prejudicial. Sauke v. Bird, 267 Minn. 129, 135, 125 N. W. (2d) 421, 425.

Affirmed.