WILLIAM A. BRYANT v. CURTIS LEE LARSON.

214 N. W. 2d 359.

January 9, 1974—No. 44051.

*Mahoney, Dougherty, Angell & Mahoney* and *John F. Angell,* for appellant.

*Willette, Kraft & Walser* and *DePaul D. Willette,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Mulally, JJ.

PER CURIAM.

The issues in this case arise out of a nighttime collision between automobiles driven by plaintiff and defendant, which occurred when plaintiff while turning left across the highway into a private driveway was struck by defendant while in the act of passing the automobiles

of a third driver and plaintiff, all driving in the same direction. A jury, apportioning causal negligence, found plaintiff 75 percent negligent and defendant 25 percent negligent, and it assessed defendant's money damages for injuries and disabilities as $60,000.

On the issue of liability and apportionment of causal negligence, involving a reasonable range of permissible inference from the jury's resolution of conflicting testimony, we are not persuaded that the verdict is without adequate evidentiary support. See, Martin v. Bussert, 292 Minn. 29, 193 N. W. 2d 134 (1971); Riley v. Lake, 295 Minn. 43, 203 N. W. 2d 331 (1972). Similarly, we conclude that, considering the court's charge as a whole, the instructions were free of reversible error. See, Martinson v. Scherbel, 268 Minn. 509, 129 N. W. 2d 802 (1964); Stall v. Christensen, 277 Minn. 71, 151 N. W. 2d 764 (1967).

On the more troublesome issue of damages, we conclude that the verdict, although generous where significant loss of earnings was not established, may be sustained in view of the evidence that defendant, a 24-year-old man at the time of trial, underwent surgery and extensive hospitalization for a comminuted fracture of the right femur and sustained a 20-percent permanent disability therefrom. The verdict comes to us with the approval of the trial court, Kennedy v. Caudell, 277 Minn. 35, 151 N. W. 2d 407 (1967), and the record itself, as plaintiff concedes, demonstrates no appeal to the passion or prejudice of the jury.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of the argument and submission, took no part in the consideration or decision of this case.