STATE v. CYRIL KOSEK.[1]

May 6, 1932.

No. 28,864.

*Herbert H. Hoar*, for appellant.

*Henry N. Benson*, Attorney General, *James E. Markham*, Deputy Attorney General, and *William O. McNelly*, County Attorney, for the state.

OLSEN, J.

Defendant was convicted of the crime of carnal knowledge and appeals from an order denying his motion for a new trial.

It is urged that the evidence is insufficient to justify the verdict of conviction.

[1]Reported in 242 N. W. 473.

120

■ The complaining witness at the time of the offense was 14 years and eight months old. She was a pupil in the freshman class at the high school in the city of Glencoe in this state. She testified directly and positively to the commission of the crime and that it was committed in a public park on the outskirts of said city just before or just after midnight on May 25-26, 1930. It is undisputed that on the night in question the complainant attended a dance at a pavilion some miles out from Glencoe; that she went there in company with some other young people, not including the defendant; that defendant was also at this dance; that she had known defendant for some five or six weeks and had been in his company some four times prior to May 25, but with others present on each of such prior occasions; that late in the evening of May 25 the defendant, a young man by the name of Saunders, and the complainant drove in defendant's car, with defendant driving, back from the dance to Glencoe; that they drove to the home of Saunders, where he got out of the car, and defendant and complainant drove away. From that point on the testimony of defendant and complainant is in direct conflict. Complainant testified that defendant then drove out to the park mentioned and there had sexual intercourse with her. Defendant testified that from the Saunders place he drove directly to the home where complainant lived and that she there got out of the car and entered the house; that he did not drive to the park and did not have sexual intercourse with complainant.

It is claimed that complainant's testimony is so impeached that a conviction is not sustained thereby and should not be permitted to stand. She testified as to the route taken from the Saunders place to the park; also that there were no cars, people, or lights in the park, or at least that she did not observe any cars, people, or lights there. There is evidence tending to show that the route described by her would not lead to the entrance of the park, and that there were some cars and tents of a carnival company, some lights, and presumably some people there. It is not claimed that the carnival was in operation. What observation complainant made or what attention she may have given to these matters is not clear. The area of the park or the location of any lights therein is not

definitely shown. This evidence was all for the consideration of the jury. They may well have concluded that if there were errors in her description of the route taken it was unintentional and caused by lack of correct observation; that if there were lights and cars in the park she failed to observe them; and that her testimony meant no more than that. Very likely, if she observed no cars or lights, she would conclude there were none there.

One other question may be considered. Complainant testified that the intercourse resulted in pregnancy and that a child was born to her therefrom on January 29, 1931. The doctor who attended her testified that the child weighed at birth seven pounds and one ounce and appeared to be normal. This was 249 days after the intercourse or a few days over eight months. But the doctor also testified that it was not unusual for an eight months child to be fully developed; also that in figuring the gestation period they counted from the last menstrual period, which complainant testified was some weeks prior to May 25. The cases of State v. Wiebke, 154 Minn. 61, 191 N. W. 249; State v. Domish, 154 Minn. 512, 191 N. W. 1002; and State v. Watzek, 158 Minn. 351, 197 N. W. 669, state our holdings on this question.

Other questions raised as to the sufficiency of the evidence do not call for discussion here. We hold the evidence sufficient to sustain the conviction.

Complaint is made of misconduct of the county attorney and of a ruling and some comments made by the court. We find no prejudice or errors in these matters.

In its charge the court stated to the jury the purpose of the law in question. The statement was unobjectionable.

The court charged that complainant's testimony as to pregnancy was only material and to be considered by the jury as bearing upon her credibility as a witness. It is admitted that this was a correct statement of the law in ordinary cases of this kind. In view of what has already been said on the question of the gestation period, we hold there was no error.

Complaint is made of the refusal of the court to give four requests to charge presented by defendant. Parts of these requests

state correct rules of law, but the court in its general charge fully and fairly covered the issues in the case and covered the material part of the instructions requested.

■ Newly discovered evidence is one of the grounds for the motion for a new trial. The trial court in its memorandum correctly states that this alleged newly discovered evidence was cumulative and that no diligence had been shown.

Order affirmed.