## STATE v. WILLIAM VanGUILDER.[1]

February 13, 1937.

No. 31,135.

*Arthur E. Arntson* and *Gilbert W. Terwilliger,* for appellant.
*Milton I. Holst,* County Attorney, for the State.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from a judgment, entered pursuant to verdict, determining his paternity of an illegitimate child born to the complaining witness January 10, 1935.

The case is unusually free from the controversy commonly found in cases of this nature. For the state the following facts could be found by the jury: On the early morning (three to four a. m.) of May 3, 1934, the complaining witness and defendant had sexual relations. Her last menstrual period preceding was on April 6, 1934. She testified that in the ordinary course her next period would commence about a month later, that is to say, about May 6 or 7. She had no menses after April. Defendant did not testify nor is there any evidence directly contradicting the testimony of the complaining witness.

Testifying for the state, a doctor of 39 years' professional experience, having had between 700 and 900 confinement cases, testi-

[1]Reported in 271 N. W. 473.

fied that there are two methods commonly used in determining the gestation period. He said: "It is generally accepted by the medical profession there are two ways, either 280 days from the first day of the preceding menstruation, and there is another theory that calculates 250 days from the date of the expected menstruation. Q. That amounts to practically the same thing? A. It is the same thing." In the instant case, applying either theory, the child born to the complaining witness comes clearly within the computations so testified to by the doctor.

■ We have had several cases before this court where this question has arisen, one of the latest being State v. Kosek, 186 Minn. 119, 121, 242 N. W. 473. There the birth of a normal child occurred 249 days after the sexual act. There the doctor testified that it was not unusual for an eight-months child to be fully developed. The testimony of that doctor, as to the method of computation of time, was exactly the same as that employed in the instant case. Our other cases bearing upon this subject are there found. (186 Minn. 121.)

It is true that two doctors testified for defendant, their claims being opposed to the medical expert called by the state. No comment need be made respecting their testimony. Insofar as the same is in conflict, the issue presented was one of fact. The verdict of the jury has settled the issue. It is not for us to interfere.

■ Defendant asserts that there was error on the part of the trial court in submitting the case to the jury for the reason that there was no proof furnished at the time of trial that the child was born alive or was still living, and no proof that defendant was not the husband of the complaining witness. We think these objections are entirely without merit. There was no exception to the charge at the time of its submission nor in the motion for new trial. The only errors there assigned were that (1) "the verdict is not justified by the evidence and is contrary to law," and that (2) "the court erred in refusing to grant defendant's motion to dismiss" when the state closed its case.

The court instructed the jury:

"The complaint charges that on the 10th day of January, 1935, at and within the county of 'Goodhue, Minnesota, Gladys Holien, a legal resident of Goodhue county, Minnesota, and having her place of usual abode in said county and state, was delivered of a female child of which said William VanGuilder is the father, she, Gladys Holien, being an unmarried female, and said William VanGuilder not being the husband of said Gladys Holien. The duty of the jury is to determine whether or not the defendant is the father of that child."

In view of this situation it is obvious that defendant is not now in position where he can make any claim of error of the type here sought to be raised. If defendant thought the charge erroneous, it was clearly his duty to call attention thereto when given, or, at least, that he should have done so on his motion for new trial. As the case stands, the trial court has never had the opportunity of passing upon these issues, if such in fact existed. It is an afterthought, a sudden discovery, that was not thought of and in fact could not have existed when the trial was had. If the complaining witness were defendant's wife would he or his counsel have permitted her to testify against him? Would she, in this kind of proceeding, be a competent witness against him in view of 2 Mason Minn. St. 1927, § 9814(1)? And would not the fact of such marriage result in making this child the legitimate child of defendant under the provisions of § 8579? We cannot conceive that defendant would let such chances to defeat the state in this cause escape him if there were any merit in his present claims.

The right possessed by counsel to call attention to omission or inadvertence in the court's charge, or to take exception thereto, imposes a corresponding duty to make use thereof. Dehen v. Berning, 198 Minn. 522, 270 N. W. 602, 605.

The appeal is lacking in substantial merit, hence the judgment is affirmed.

MR. JUSTICE PETERSON, having been attorney general when the appeal was taken, took no part in the consideration or decision of this case.