## HENRY J. FRANCIS v. LE ROY J. WILSON AND OTHERS.

83 N. W. (2d) 248.

May 10, 1957—No. 37,012.

*Elmer Wiblishauser,* for appellant.
*Thomas J. Battis* and *Murnane & Murnane,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for judgment notwithstanding the verdict and for a new trial on the issue of damages alone, and in the alternative for a new trial.

The action was brought by the plaintiff for recovery of alleged damages for injuries, hospital and medical services, impairment of his earning capacity, and damages to his automobile. He claims that

on September 9, 1954, on an oiled blacktop-surface roadway adjacent to his home at 767 Joy Avenue, St. Paul, defendant Le Roy J. Wilson negligently operated a Ford truck, owned by the other two defendants, Twin City Brick Corporation and Margaret Long, so that it collided with a Buick automobile which plaintiff was in the process of backing from his yard into the street. He specially claims that Wilson was negligent in failing to maintain a proper route and in driving at an unreasonable rate of speed under the circumstances.

The defendants denied liability on the ground that Wilson was not negligent and that, even if he were, plaintiff was guilty of contributory negligence in failing to yield the right-of-way and to maintain a proper lookout while backing into the street.

The accident occurred about 11:30 on the morning in question when plaintiff, accompanied by his 17-month-old daughter, was backing his Buick automobile from the front yard of his home at an angle into the street. Plaintiff testified that he proceeded to back the car until he heard a truck coming from the west and to his left on Joy Avenue; that, after hearing the truck and before he saw it, he brought his car to a complete stop; that he knew trucks were likely to be traveling this roadway; that when he first saw defendant's truck it was approximately 25 to 30 feet away from the rear of his Buick and appeared to be about in the center of the road; that the right rear of his car at that time extended 2 or 3 feet into Joy Avenue; that the width of the traveled part of the avenue at its most narrow point was 18 feet and at the point of impact was slightly more than 18 feet; and that the traveled portion left for other vehicular traffic between the rear of the Buick and the south edge of Joy Avenue was 15 feet. He claimed that, when he next observed defendant's truck, it was about 6 or 8 feet away from the rear of the Buick. Plaintiff said that, when he observed at that time that the truck was not going to pass him, he turned toward his child and attempted to brace her against the back of the seat. His car was then struck by the truck. He estimated that the speed of the truck, both when he first observed it and when it was 6 to 8 feet away, was between 25 and 30 miles per hour. The left front of the truck struck the right

rear of the Buick and pushed the Buick between 6 and 8 feet in a counterclockwise fashion so that it ended up facing back into plaintiff's yard.

Defendant Wilson testified that he left the yard of the defendant brick company and proceeded easterly on Joy Avenue traveling about in the center of the road. It appears that the distance he traveled on Joy Avenue from the brickyard to the point of impact was about 250 feet. He said that as he drove along he glanced down to the seat of his truck briefly on two occasions, once to locate his logbook and again to check an address in it; that before he glanced down the second time he observed that the road ahead of him was clear; that when he observed the road after having looked at his logbook he saw plaintiff's car about 15 feet ahead of him; that the right rear of plaintiff's car was about in the center of the road; that his speed at the time he glanced down the second time was 15 to 20 miles per hour; and that, upon seeing plaintiff's car, he immediately applied the brakes and had slowed the truck to about 8 miles per hour at the time of impact. The record contains the following testimony when Wilson was questioned on direct examination as to a statement he made to plaintiff concerning fault for the accident:

"Q. Did you say anything to him [plaintiff] about who you considered to blame for the accident?

"A. Yes, I did.

"Q. And what did you say to him?

"A. I said I was at fault.

"Q. And why did you tell him that?

"A. Well presuming I run into him I thought it was my fault."

There was also testimony of defendant's admission to police at the scene of the accident that he was at fault for glancing at his logbook.

With reference to the position of the truck as it approached the scene of the accident, plaintiff testified that it appeared to be in the center of the road while defendant said that he was in about the middle.

The court instructed the jury with reference to the rules of negligence and contributory negligence and instructed on Minnesota

traffic statutes pertaining to speed, pertaining to the duty of a driver entering a highway from a private driveway to yield right-of-way to all vehicles approaching on such highway, and pertaining to the duty of the driver of a vehicle to sound the car horn when reasonably necessary to insure safe operation. The court also instructed that a violation of the above statutory provisions was prima facie evidence of negligence and explained the meaning of that term. At the close of the instruction the court asked counsel for both sides if there was "Anything else, gentlemen?" and both replied in the negative.

After the jury retired plaintiff's counsel excepted, among other things, to the failure of the court to charge in connection with M. S. A. 169.18, subd. 1. The pertinent part of that statute applicable here reads as follows: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway." In his motion for judgment notwithstanding the verdict or for a new trial, plaintiff claimed among other grounds that the court erred in refusing to instruct the jury with respect to § 169.18, subd. 1.

Inasmuch as we consider that issue the determinative one for our decision under the facts and circumstances here, we will devote our attention to the question of whether the trial court erred in failing to instruct on § 169.18, subd. 1. Our first concern is whether that statute would be applicable in this case in view of the fact that the traveled width of the roadway here was about 18 feet and that there is evidence that it was customary to travel in the middle of the roadway.

In Simon v. Carroll, 241 Minn. 211, 62 N. W. (2d) 822, this court explained that since the enactment of § 169.18 in 1937[1] custom as a factor in and of itself has had no statutory recognition as a justifiable cause for a motorist's failure to keep to his right half of a road when such half is of sufficient width and is otherwise reasonably usable. We held there that pursuant to § 169.18, subd. 1, the act of driving a motor vehicle to any extent whatever to the left of the center line of a roadway of sufficient width constituted prima facie

[1]L. 1937, c. 464, §§ 32 to 39.

evidence of negligence despite the existence of any custom to the contrary and that the prima facie case so established must prevail against the violator in the absence of countervailing evidence showing a statutory or other reasonable ground for such violation. The record showed that the portion of the roadway involved there was usable for motor vehicle travel for its entire graveled width of 19 feet. Inasmuch as there was no countervailing evidence in the instant case showing a statutory or other reasonable ground for such a violation, it would follow from our decision in the Simon case that the part of the statute on which plaintiff requested an instruction would be applicable to the case at bar.

Defendants argue, however, that the trial court did not err in refusing to instruct as to § 169.18, subd. 1, inasmuch as it was never requested to so instruct until after the jury retired. While plaintiff's attorney on oral argument claims that he requested and was denied such an instruction in chambers, before the charge was given, the record is silent in connection with such proceedings. In any event this court has repeatedly expressed itself in connection with cases where counsel has remained silent until after a jury has retired and then for the first time taken exception to the charge. In Storey v. Weinberg, 226 Minn. 48, 31 N. W. (2d) 912, we said that it is the duty of the counsel to speak before it is too late for the court to correct its mistakes or inadvertent omissions (citing State v. VanGuilder, 199 Minn. 214, 271 N. W. 473) and that the right to call the attention of the court to its inadvertent omissions or errors or to take exceptions to the charge involves a duty to exercise such right seasonably before the jury retires. In Greene v. Mathiowetz, 212 Minn. 171, 3 N. W. (2d) 97, we said that a verbal error or unintentional misstatement of law or fact which could have been corrected at the trial if the attention of the court had been called to it by counsel was not such an error as required reversal unless the erroneous instructions complained of were *on some controlling proposition of law,* citing Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

Rule 51 of Rules of Civil Procedure, providing for instructions to juries and objections, states in part that no party may assign as error unintentional misstatements and verbal errors or omissions in the charge unless he objects thereto before the jury retires to consider its verdict. The last sentence of that rule provides, however, that an error in the instructions with respect to fundamental law or a controlling principle may be assigned in a motion for a new trial although it was not otherwise called to the attention of the court. Plaintiff in his motion for judgment notwithstanding the verdict or for a new trial assigned as error the court's refusal to instruct the jury with reference to § 169.18, subd. 1.

It seems to us that a basic issue here is whether defendant Wilson was driving the truck on his right side of the road at the time of impact and that an error in the instructions with respect to fundamental law or controlling principle was properly raised by the plaintiff on his motion referred to above.

In Zurko v. Gilquist, 241 Minn. 1, 62 N. W. (2d) 351, this court said that, even though a jury charge may be found on close inspection to be technically correct in its entirety, a new trial should be granted if its impact upon the jury is likely to convey, and reasonably does convey, an erroneous understanding of controlling principles of law. In Adelmann v. Elk River Lbr. Co. 242 Minn. 388, 65 N. W. (2d) 661, we said that a trial court's erroneous statement of evidence upon a pivotal fact which might have had, under the surrounding circumstances, an important bearing on the evaluation of the evidence by a jury was ground for a new trial.

It is therefore our opinion that under the record here a new trial must be granted as it appears to us that in not receiving an instruction that a vehicle shall be driven on the right half of the roadway as provided in § 169.18, subd. 1, the jury was deprived of knowledge with reference to a fundamental law or controlling principle which might have altered its verdict.

Reversed and new trial granted.