MILDRED MULLIGAN v. ST. LOUIS CHURCH OF ST. PAUL.

95 N. W. (2d) 1.

February 13, 1959—No. 37,543.

*James E. Finley,* for appellant.
*William F. Orme* and *Faricy, Moore & Costello,* for respondent.

MAGNEY, COMMISSIONER.

Defendant church appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Defendant's church building is located in the city of St. Paul. On February 6, 1955, plaintiff, Mildred Mulligan, attended Mass there for the first time. After the services, she walked out through the front door. A platform extended from this door about 3½ feet wide and 7 or 8 feet long on which was a heavy steel mat about 3 feet wide and 6 feet long. The mat was constructed of links, the openings in which were about three-fourths of an inch in diameter. It extended to within a few inches of the edge of the platform. From the platform five steps led down to the public sidewalk. Plaintiff proceeded down the flight of steps and she claims that when she had reached the sidewalk at the foot of the steps she was struck from behind and thrown down. Her hat and glasses flew off, and she came to rest with her head near the curb and her feet the length of her body from the lowest step.

Olive Nadeau, a witness called by plaintiff, testified that, as she was about to descend the steps in front of the church, the heel of her over-shoe caught in the open flange or link on the edge of the mat and she turned her ankle. She said that she fell forward and that, as she was falling, she struck plaintiff in the back with her head and plaintiff was thrown forward on the sidewalk. She said that there were open links at the edge of the mat "pointing out towards the steps." She attended church regularly and had seen them every Sunday that she attended but missed seeing them the day in question. Defendant's exhibit 4, a photograph of the mat, shows defective or open links or breaks along the edge.

The court charged the jury that if plaintiff was on the steps when struck she could not recover because of the relationship between the church and herself which barred a recovery but that if she was on the sidewalk when struck she might recover under certain conditions. Since the jury found for plaintiff, it must have found that plaintiff was on

the sidewalk when struck.

■ Defendant contends that the evidence fails to support plaintiff's claim that she had already reached the foot of the steps and was on the sidewalk when struck. In support of this contention it refers to the testimony of witness Nadeau and its own witness, Harriet Marie Jerikovski. It claims that witness Nadeau said that plaintiff was on the second lowest step when struck. Such was not her statement. She did not say that she saw plaintiff at that moment but said: "She must have been on the * * * fourth one down from the top"; that is, next to the lowest step. It was a mere conclusion on her part. Witness Jerikovski came out of the church at a side door and was proceeding on a walk leading out to the public sidewalk. There were a number of people about and she was quite a distance from the steps—how far the record does not disclose. She testified that she had just gotten on the walk—

"* * * and did practically see the steps, and I heard the noise, you know, kind of falling, and I looked, and I saw Mrs. Nadeau tumble, the top lady, and she was on about the second step from the top when she started falling, and the other lady was on, I would say—Well, there's a little step, and then it was the first big step, I would call it. * * * and she was on that one when she got hit, I would say, and tumbled."

It is evident that she was guessing, both as to where Mrs. Nadeau was when she started to fall and as to where plaintiff was at that time. She does not specifically say that she saw plaintiff on the step. Plaintiff, on the other hand, on three different occasions definitely testified that she was on the sidewalk at the foot of the steps when struck.

On this state of the evidence, we cannot say that the jury was not justified in finding that plaintiff was on the sidewalk when struck.

Defendant also contends that the defect in the mat is so slight that defendant cannot be charged with negligence for keeping it in use. The evidence certainly supports a finding that defective or broken links existed along the edge of the metal mat and that the edge of the mat was only a few inches from the edge of the platform. Under all the facts and circumstances it was a question for the jury to determine whether defendant was negligent.

■ Defendant charges error in the court's failure to instruct the jury

that plaintiff had the burden of proving that the defect in the mat, if any, had existed for such a period of time prior to plaintiff's injury that defendant had or should have had notice thereof. At the close of the charge, counsel failed to call the court's attention to the claimed omission but sets it out in the motion for judgment notwithstanding the verdict or for a new trial. It claims that this was an error in instructions with respect to fundamental law and controlling principle such as may be assigned in a motion for a new trial even if it was not otherwise called to the court's attention under Rule 51 of Rules of Civil Procedure. Francis v. Wilson, 249 Minn. 508, 83 N. W. (2d) 248. In our opinion, the rule of law set out in·the claimed omission has no application to our set of facts.

If plaintiff was on the public sidewalk at the time she was struck, as the jury found she was, the relationship between the church and plaintiff as an attendant on church premises had ceased, and she was in the same relationship to defendant as any other pedestrian who passes the premises on the public sidewalk. Its duty toward such person is stated in Prosser, Torts (2 ed.) § 75, as follows:

"The possessor of land is required to exercise reasonable care with regard to any activities which he carries on, for the protection of those outside of his premises. * * * he is under the affirmative duty to take reasonable steps to inspect his premises and keep them in repair, * * *."

And in Restatement, Torts, § 365, the rule is stated:

"A possessor of land is subject to liability for bodily harm caused to others outside the land by the disrepair of a structure or other artificial condition thereon, if the exercise of reasonable care by the possessor or by any person to whom he entrusts the maintenance and repair thereof

"(a) would have disclosed the disrepair and the unreasonable risk involved therein, and

"(b) would have made it reasonably safe by repair or otherwise."

Restatement, Torts, § 365, *comment d*; 25 Am. Jur., Highways, § 364; see, Pelowski v. J. R. Watkins Medical Co. 120 Minn. 108, 139 N. W. 289, 618.

In this case, any inspection could not have failed to disclose the

claimed defects.

As we find no reversible error, affirmance must follow.

Order affirmed.