## ETHEL GLENN v. ROLAND W. MUNSON AND ANOTHER.

106 N. W. (2d) 551.

December 9, 1960—No. 38,051.

*Mahoney & Mahoney* and *Edward R. Kenneally,* for appellants.
*Neumeier, Rheinberger & Eckberg,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from a judgment entered in favor of plaintiff.

Plaintiff, Ethel Glenn, age 67 years, is the mother of defendant Patricia Munson and the mother-in-law of defendant Roland W. Munson. Plaintiff is a registered nurse but is no longer active in her profession. Defendants lived in Stillwater, in this state, and plaintiff lived not far away. She frequently visited at the Munson home, sometimes once and sometimes twice during a week. On the evening of January 10, 1959, about 5 p. m., she received a call from her daughter informing her that defendants' child Beth had been hurt while sliding and asking plaintiff to come and look her over. She proceeded to do so, arriving at the Munson home between 5:30 and 6:30 p. m. After seeing Beth, she gave her a drink of water. Beth was nauseated

and vomited into a receptacle. Plaintiff asked Patricia what to do with the receptacle and was advised to take it to the kitchen. She proceeded to do so, and as she entered the kitchen she stepped on a small rug on the linoleum floor, slipped, and fell, receiving the injuries for which she now seeks to recover.

The kitchen floor on which plaintiff fell was covered with inlaid linoleum. There was a light over the sink which partly illuminated the kitchen. Prior to October or November 1954 Patricia had waxed the floor but at that time discontinued doing so for the reason that she had small children. During the time that plaintiff had visited at her daughter's home she had been in the kitchen on numerous occasions, but during all of that time the floor had not been waxed. On the evening of January 9, Patricia applied three coats of Johnson's clear self-polishing liquid wax to the linoleum floor, leaving it in a glossy and slippery condition. Prior to the time when plaintiff entered the kitchen and fell, she had not been in the kitchen since the floor was waxed and did not have any knowledge that it was slippery from such waxing. Patricia had warned her children to be careful in walking on the floor because of its slippery condition. Defendants had not warned plaintiff that the floor had been waxed or that it was in a slippery condition.

The jury returned a verdict for plaintiff. Defendants thereafter moved for judgment notwithstanding the verdict, which motion was denied. Judgment was entered upon the verdict of the jury, and this appeal is from such judgment.

The court instructed the jury as a matter of law that plaintiff was a gratuitous licensee. The correctness of that instruction is not before us on this appeal. The only question here is whether, under the facts of this case, it appears as a matter of law that defendants were free from negligence.

We are committed to the rule of Restatement, Torts, § 342, respecting the duties owed by the possessor of real estate to a gratuitous licensee.[1] That rule is:

---

[1] Malmquist v. Leeds, 245 Minn. 130, 71 N. W. (2d) 863; Meyer v. Mitchell, 248 Minn. 397, 80 N. W. (2d) 450; Dishington v. A. W. Kuettel & Sons, Inc. 255 Minn. 325, 96 N. W. (2d) 684.

182

"A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he

"(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

"(b) invites or permits them to enter or remain upon the land, without exercising reasonable care

"(i) to make the condition reasonably safe, or

"(ii) to warn them of the condition and the risk involved therein."

Ordinarily, a waxed floor, of itself, is no evidence of negligence.[2] However, where a safe condition exists which is familiar to a gratuitous licensee and a change is thereafter made in such condition without her knowledge, which is known to the possessor of real estate to create a condition that is apt to cause injury, the duty to warn of such changed condition exists under the above rule. Here we think that the jury could find that there was such a changed condition. Plaintiff, who was familiar with the kitchen floor in its unwaxed condition, which presented no danger to her, entered the kitchen without any knowledge that the floor had been waxed and left in a slippery condition and without any warning from defendants, who knew it was slippery. Under these circumstances we think that the court properly submitted to the jury the question as to whether defendants were guilty of a breach of the duty imposed upon them under the rule which we follow.
Affirmed.

---

[2]Page v. Murphy, 194 Minn. 607, 261 N. W. 443; Greenfield v. Miller, 173 Wis. 184, 180 N. W. 834, 12 A. L. R. 982; Brown v. Davenport Holding Co. 134 Neb. 455, 279 N. W. 161, 118 A. L. R. 423, with Annotation at 425.