## VIRGINIA THAYER AND ANOTHER v. KENNETH C. SILKER AND ANOTHER.

126 N. W. (2d) 263.

February 7, 1964—No. 38,987.

*Swan, Mattson, Pougiales & Samels* and *Stephen C. Samels,* for appellants.

*Gallagher, Farrish & Zimmerman, Miles B. Zimmerman,* and *James H. Manahan,* for respondents.

OTIS, JUSTICE.

Plaintiffs sue for personal injuries and consequential damages resulting from a fall into a cistern located on defendants' premises. From a summary judgment in favor of defendants, based on affidavits and depositions which raise no issues of fact,[1] plaintiffs appeal.

The property in question consists of a tract of land slightly less than 6 acres in area, located southwest of the intersection of U. S. Highway

---

[1]Sauter v. Sauter, 244 Minn. 482, 486, 70 N. W. (2d) 351, 354.

No. 63 and County Road No. 14, some 5 miles north of the city of Rochester. In the year 1958 the defendants placed on the property the framework of a prefabricated home which they were in the process of completing when the plaintiff Virginia Thayer was injured. The house was located about 80 feet from the road and was reached by a driveway leading to a double garage which was 26 feet by 24 feet in dimensions, located at the south end of the building. Some 12 feet west of the garage and about 8 feet north of its south opening defendants had located a bus which was converted into a home for their use during the period of construction. Although defendants' daughter used one room in the house, it was otherwise unfinished. There was no plumbing or electricity, and sheet rock remained to be hung on the studding.

October 18, 1959, the day of the accident, was a Sunday and plaintiffs had been visiting Mr. Thayer's parents, who indicated an interest in acquiring a piece of real estate in the vicinity of defendants' home. Mr. Thayer and Mrs. Silker were cousins. Having the elder Thayers' inquiries in mind, the plaintiffs, without specific prior invitation, stopped at the defendants' residence between 6:30 and 7 in the evening. Although they had often driven by, neither of the Thayers had actually been on the property before. They proceeded up the driveway to a point near the southwest corner of the garage. Mrs. Thayer remained in the car with two young children while her husband walked to the bus to inquire about the availability of the real estate in which his parents had shown an interest. Defendants themselves had no property for sale and were uncertain what real estate the Thayers had in mind.

When Mrs. Silker inquired of Mr. Thayer about his wife and children, he advised her that they were going to stay in the car, Mrs. Thayer's reason being that she was regularly employed, had housework to do when she got home, and didn't wish to prolong the visit by joining her husband.

Mrs. Thayer testified that during the period of approximately 10 minutes when her husband was visiting defendants, she got out of the automobile to relieve herself and for that purpose sought a protected

corner of the garage which would not be illuminated by passing vehicles. The garage opening next to which she was parked was approximately 7 by 16 feet in size. It was after sundown and the lighting was such that she could only see large objects. She proceeded to the northwest corner of the garage, stepped over a wall made of concrete block, estimated to be 4 to 8 inches high, and fell into a 10 by 13-foot cistern which was 6½ feet deep. At the time of her fall the garage floor consisted of ordinary dirt. Planking and sheet rock which had previously protected the hole had been removed in anticipation of workmen finishing the cistern the day after the accident. Ordinarily the defendants' daughter's car was parked in front of the cistern, but she had left a few moments before the Thayers arrived.

The trial court held that in this state of the record the defendants were free from negligence and Mrs. Thayer was guilty of contributory negligence as a matter of law. Although the question of contributory negligence is closely connected with that of defendants' negligence, we need not pass on both issues since we agree that the facts do not permit a finding that the defendants were themselves negligent.

The plaintiffs concede that at the time of her injury Mrs. Thayer was a gratuitous licensee.[2] This being so, the defendants owed plaintiffs no duty of inspection or affirmative care to make the premises safe for their visit. Prosser, Torts (2 ed.) § 445. The rule which governs our decision is contained in Restatement, Torts, § 342,[3] *comment f:*

---

[2]Meyer v. Mitchell, 248 Minn. 397, 402, 80 N. W. (2d) 450, 454; Glenn v. Munson, 259 Minn. 180, 106 N. W. (2d) 551.

[3]"A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he

"(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

"(b) invites or permits them to enter or remain upon the land, without exercising reasonable care

"(i) to make the condition reasonably safe, or

"(ii) to warn them of the condition and the risk involved therein."

"* * * A condition, no matter how dangerous to those who come in contact with it, can involve risk to a particular licensee only if he may be expected to encounter it in the exercise of his license. * * * So too, a possessor has no reason to expect the licensee's presence at any point other than that within which the licensee [sic] gives him the privilege to enter. He is, therefore, under no duty to warn licensees of conditions which exist outside of the area covered by the license."

The invitation and commensurate duty to warn contemplated by the Restatement did not, in our opinion, extend to the area in which Mrs. Thayer was injured under the circumstances of this case.

Plaintiffs cite as controlling Malmquist v. Leeds, 245 Minn. 130, 71 N. W. (2d) 863. The plaintiff injured in that case fell into an open stair well in the semidarkness while in the company of a property owner. In reversing a judgment notwithstanding a verdict for plaintiff, this court pointed out that there was ample opportunity for the owner to give the plaintiff a verbal warning of danger and that plaintiff had a right to assume such warning would be given if it were required. In addition, the plaintiff had previously visited the property and was unaware of the changes. In the absence of the warning, and because the flooring was solid up to the point of danger, we held that plaintiff had been led into a false sense of safety upon which she had a right to rely. While this aspect of the opinion dealt with contributory negligence, in considering the negligence of defendants we pointed out that plaintiff did not go beyond the area to which the invitation extended. We stated (245 Minn. 139, 71 N. W. [2d] 869):

"* * * Nor is a landowner relieved of this duty to warn merely because the condition is open and obvious during the daylight and becomes dangerous only when concealed by darkness; *provided, of course, that the owner has reason to believe the licensee may enter at night*." (Italics supplied.)

We are of the opinion and hold that the undisputed facts require a finding as a matter of law that plaintiff Virginia Thayer was entering an area beyond the limits of the gratuitous license extended to her by defendants. At the time of her injury the garage door had not

been hung, the floor of the garage was ordinary dirt and obviously unfinished, sheet rock remained to be placed on the studding, and there was no electricity or plumbing in the garage or house. There were toilet facilities available in the bus. In his own testimony Ivan Thayer stated that his wife made no mention of her intention to leave the car, that it wasn't contemplated that anyone would get out, and that he told the Silkers his family was going to remain in the car. Defendants had no reason to expect Mrs. Thayer to prowl in the dark recesses of an unfinished garage for any purpose, let alone for the purpose which prompted her being there.

"* * * When an invitee steps beyond the bounds of his invitation he becomes a mere licensee and must take as he finds it the part of the premises he then enters. He may complain of wanton or intentional injury, but not that the place into which he goes for his own purpose and without invitation was not made safe in anticipation of his unexpected and undesired presence." Schmidt v. George H. Hurd Realty Co. 170 Minn. 322, 325, 212 N. W. 903, 904.

The visit to the defendants' property that evening was of brief duration and was entirely for the benefit of Mr. Thayer's parents. Under the circumstances we hold that in the contemplation of the law defendants did not invite plaintiffs to enter the area where Mrs. Thayer was injured and therefore had no duty to warn her or make the area safe against the risks involved in her being there, and they cannot be found liable for the injuries she sustained as a consequence.

Affirmed.

Mr. Justice Sheran took no part in the consideration or decision of this case.