# KATHRYN SANDSTROM AND ANOTHER v. THE AAD TEMPLE BUILDING ASSOCIATION, INC.

127 N. W. (2d) 173.

March 13, 1964—No. 38,742.

*James J. Courtney & Sons* and *Paul J. Louisell,* for appellants.
*Reavill, Jenswold, Neimeyer, Johnson & Killen,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order granting judgment for defendant notwithstanding the verdict of the jury for plaintiffs in a personal injury case. It is contended that on the basis of the facts, hereinafter summarized, the trial court erred in determining that the defendant was free from negligence as a matter of law and that plaintiff was contributorily negligent as a matter of law.

The accident occurred on the premises of the Shrine Auditorium in the city of Duluth. The building is owned and operated by Aad Temple Building Association, Inc., a fraternal organization, which occasionally permits its use by other organizations. At the request of the county welfare office the building was made available, without charge, on December 6, 1960, to the Plus 65 Club, or Golden Age Group, an organization of persons over 65 years of age. Plaintiff Kathryn Sandstrom, referred to herein as plaintiff, as a member of her church group,

was a sponsor of the Golden Age Group. On the morning of December 6 she, with about 50 other ladies, was making preparations for a party to be held by the organization in the auditorium that afternoon. After working there about 3 hours, she had occasion to visit the ladies' washroom in the building. Upon leaving the washroom she fell, sustaining injuries which are the subject of this action.

The washroom is entered through a vestibule, the door of the washroom opening to the inside. The floor of the washroom is about 5 inches above the level of the floor in the rest of the auditorium. On the inside of the door is a handpainted sign about a foot square saying, "Watch Your Step." At the threshold is fastened a strip of red cloth, the purpose of which is to call attention to the presence of the step. The strip of cloth is held down by black or dark tape. Plaintiff was aware of the presence of the step. She did not know at the time what caused the fall. She testified that about a week or so later, as she was sitting at home attempting to reconstruct the incident in her mind's eye, it came to her that after the fall she saw the custodian of the building straightening out the torn or rumpled mat. This was denied by the custodian. It is unnecessary for the purpose of this opinion to discuss the facts as they bear upon the contributory negligence of plaintiff since we hold that under the circumstances as disclosed by the record there was no breach of duty on the part of the defendant association. The determinative fact here is that plaintiff was present upon the premises for a purpose in which defendant had no interest, either business or social, and that defendant extended the privilege to plaintiff of entering the premises as a mere favor, without any benefit to it.

The liability of defendant turns upon the relationship of the parties as they existed at the time of the accident. It is conceded by the parties that the status of plaintiff was that of a gratuitous licensee. A gratuitous licensee is defined as "any licensee other than a business visitor," which definition, according to Restatement, Torts, § 331, includes:

"A licensee whose presence upon the land is solely for the licensee's own purposes, in which the possessor has no interest, either business or social, and to whom the privilege of entering is extended as a mere favor by express consent or by general or local custom."

It was at one time held that a person entering upon the property of another for his own purpose, although with the consent of the possessor, took the property as he found it, and therefore the possessor of land was not required to conduct his activities with regard to that person's safety,[1] subject to the exception that the possessor must not inflict willful, wanton, or intentional injury on him.[2] The rigors of this rule have been tempered by the adoption of the principles contained in Restatement, Torts, § 342, as follows:

"A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon if, but only if, he

"(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

"(b) invites or permits them to enter or remain upon the land, without exercising reasonable care

"(i) to make the condition reasonably safe, or

"(ii) to warn them of the condition and the risk involved therein."

In Roadman v. C. E. Johnson Motor Sales, 210 Minn. 59, 64, 297 N. W. 166, 169, we noted the conflict and confusion resulting from the use of such terms as invitee, licensee, bare or mere licensee, tolerated intruders, and trespassers, and seemed to come to the conclusion that the duty of the possessor of land was relative and "the greater the chance of injury, the greater the precautions which must be taken to prevent it." Accordingly, the decisions of this court have broadened the possessor's liability so as to make him subject to liability for bodily harm caused by a natural or artificial condition if the possessor knows of the condition and realizes that it involves an unreasonable risk, and has reason to believe that the licensee will not discover the condition or realize the risk, and invites or permits the licensee to enter or

---

[1]Pettit v. G. N. Ry. Co. 58 Minn. 120, 59 N. W. 1082; Roadman v. C. E. Johnson Motor Sales, 210 Minn. 59, 297 N. W. 166.

[2]Donaldson v. Milwaukee & St. Paul Ry. Co. 21 Minn. 293; 26 Minn. L. Rev. 132, 133.

remain upon the property without exercising ordinary care to make the condition reasonably safe or to warn him of the condition and the risk involved therein. Dishington v. A. W. Kuettel & Sons, Inc. 255 Minn. 325, 96 N. W. (2d) 684.

In Theisen v. Minnesota Power & Light Co. 200 Minn. 515, 274 N. W. 617, recovery was allowed for the death of a workman killed by a "brush" or disruptive discharge from a high-tension wire. There was evidence which would indicate that this condition constituted a hidden danger with regard to which plaintiff should have been warned. We there said (200 Minn. 519, 274 N. W. 619):

"* * * It is the duty of one who permits another to come upon his property to exercise due care to warn such person of the risks of hidden dangers to which he will be exposed by coming there pursuant to the permission."

Shypulski v. Waldorf Paper Products Co. 232 Minn. 394, 45 N. W. (2d) 549, involved recovery for injuries to a fireman which occurred on the defendant's property while the fireman was in the performance of his duties. We pointed out that the trend of decisions was to avoid extending the harsh rules absolving the landowner from liability to licensees except for willful and wanton injury, and that the proper rule was that firemen were entitled to be warned of hidden dangers known to the landowner or occupant.[3]

In the recent cases of Malmquist v. Leeds, 245 Minn. 130, 71 N. W. (2d) 863, and Glenn v. Munson, 259 Minn. 180, 106 N. W. (2d) 551, we considered the duty the possessor owed to the social guest and concluded that, although under the facts in those cases plaintiffs had previously been upon the property, they were nevertheless entitled to warning of changed conditions on possessor's land which gave rise to the injuries they sustained.

In Dishington v. A. W. Kuettel & Sons, Inc. 255 Minn. 325, 96 N. W. (2d) 684, and Plahn v. Masonic Hall Bldg. Assn. 206 Minn. 232, 288 N. W. 575, recovery was denied to plaintiffs who sustained injuries under circumstances where they were actually gratuitous licen-

---

[3]See, Annotation, 55 A. L. R. (2d) 525.

sees. In denying recovery we discussed the issue both in terms of non-liability within the compass of Restatement, Torts, § 342, as well as contributory negligence established by the record.

We gather from the plaintiffs' argument that because some cases involving the liability of property owners to licensees have been decided on the issue of plaintiff's contributory negligence, all distinctions between the possessor's liability to a business invitee and to a gratuitous licensee have disappeared.[4] We find no authority to support this conclusion. It is still the recognized and prevailing view of American judicial opinion that the licensee assumes the risk of defective conditions on property unknown to the possessor and at most is entitled to only a warning of known hidden defects.[5]

Applying the foregoing principles to the facts in this case, we are persuaded that the trial court should be affirmed. The only condition claimed by plaintiff which would involve unreasonable risk was the presence of the red cloth pasted to the threshold of the washroom with black or dark tape. The purpose of this cloth was to warn of the existence of the step. It appears from the record that this mat, or one like it, had been in place 3 or 4 years prior to the happening of the accident. A great many women had used the washroom, and to the

---

[4]It is not within the scope of this opinion to consider the many facets of the liability of the owner or possessor of land, including that of the landlord to the tenant or his invitee, Johnson v. O'Brien, 258 Minn. 502, 105 N. W. (2d) 244, 88 A. L. R. (2d) 577; Breimhorst v. Beckman, 227 Minn. 409, 35 N. W. (2d) 719, or the liability of the shopkeeper to the business invitee, Flynn v. Arcade Investment Co. 253 Minn. 107, 91 N. W. (2d) 113; Anderson v. Sears, Roebuck & Co. 223 Minn. 1, 26 N. W. (2d) 355, 31 Minn. L. Rev. 736; Dickson v. Emporium Merc. Co. Inc. 193 Minn. 629, 259 N. W. 375; Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; Bragg v. The Dayton Co. 212 Minn. 491, 4 N. W. (2d) 320, or the liability of the possessor for failure to exercise reasonable care with regard to activities he carries on so as not to injure persons "outside" of his premises, Mulligan v. St. Louis Church, 254 Minn. 320, 95 N. W. (2d) 1, or where a licensee is injured at a place not within the limits of his license, as in Thayer v. Silker, 267 Minn. 268, 126 N. W. (2d) 263.

[5]Annotation, 55 A. L. R. (2d) 525; 24 NACCA L. J. 58; Meyer v. Mitchell, 248 Minn. 397, 80 N. W. (2d) 450.

knowledge of the manager of the building and the custodian, no one had ever fallen either in entering or leaving. Under the circumstances it is doubtful that the curled or rumpled mat could be considered a condition which the law recognizes as a hidden danger. In any event there is a complete absence from the record of evidence tending to show that the management of the auditorium was aware of the alleged defective condition of the mat so as to impose a duty to warn beyond what was already done by the placing of a warning sign in plain view to one leaving the washroom.

Affirmed.