## G. RAY LYMAN AND ANOTHER v. RECREATIONAL ACTIVITIES, INC.

175 N. W. (2d) 498.

March 13, 1970—No. 41832.

*Johnson, Schmidt, Thompson & Schneider* and *John C. Lindstrom,* for appellants.

*Gislason, Reim, Alsop & Dosland,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Frank T. Gallagher, and Theodore B. Knudson, JJ.

THEODORE B. KNUDSON, JUSTICE.*

Appeal from a judgment of the district court dismissing plaintiffs' action with prejudice.

The action was brought by Alice Lyman to recover damages for the injuries she sustained as the result of a fall in the Blue Note Ballroom in Winsted, Minnesota, on January 18, 1967, and by her husband, G. Ray Lyman, to recover consequential damages against defendant, the operator of the ballroom. After plaintiffs had rested, the trial court granted defendant's motion for dismissal of the action and for judgment in its favor on the grounds that plaintiff Alice Lyman had assumed the risk and had been contributorily negligent as a matter of law.

The Blue Note Ballroom maintained an on-sale and off-sale liquor store, a restaurant, and a ballroom. The floor plan of the building and general area are depicted in plaintiffs' exhibit 1, reproduced herewith. On the east side of the building there are four doors. The entrances for the off-sale, barroom, and dining room areas respectively are marked. A fourth door, shown as door "A," enters into a storage room. There was no indication on this door of the area to which it provided entry. The main entrance to the ballroom is on the north end of the east side of the building.

On the evening in question Alice Lyman, her husband, and their friends, Dr. and Mrs. Campbell, arrived at the ballroom shortly after 6 p. m. The weather conditions that night were not pleasant: It was cold, and sleet and snow were in the air. Prior to parking his car, Mr. Lyman pulled the car up to the east side of the building and let his wife and the Campbells out. Because of the unpleasant weather conditions, the Campbells and Mrs. Lyman entered the nearest door, (door "A"), the storage room door, which is usually locked. When she entered this door, Mrs. Lyman did not know where the dining room was. She had never

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

310

PLAINTIFF EX #1

BLUE NOTE BALLROOM

entered door "A" before and was not familiar with the storage room, which was dark or dimly lit at best. Neither Mrs. Lyman nor Mrs. Campbell had any recollection of any light bulb burning in the area. They felt their way along the north wall of the storage room, attempted unsuccessfully to open one door which was locked, and then proceeded to open another door ("B" on exhibit 1). Mrs. Lyman did not see a light switch. The group made no effort to return but felt their way, with Mrs. Lyman in the lead, through a dimly lit area, to another door ("C" on exhibit 1). Mrs. Lyman opened this door, and took one step down, and turned her right ankle, causing her to fall down a flight of stairs into the basement of the building. On cross-examination Mrs. Lyman revealed how uncertain she was of her course:

"Q. Whatever little light there may have been was not sufficient to illuminate or see so you could see a door?

"A. That's right.

"Q. And as I understand it you had to sort of feel your way over and find a door at what you now know to be door 'C'?

"A. Yes.

\* \* \* \* \*

"Q. You had never been through this door before, door 'C'?

"A. No.

"Q. Never gone that route before?

"A. No.

"Q. Couldn't even see another door even beyond 'C' as I understand it?

"A. No.

"Q. Didn't really know what was in that darkened area?

"A. I could only tell you what I thought was there.

"Q. Yet at that time you didn't know?

"A. No.

"Q. This in and of itself, this area and the situation that you were in as you have described it was a strange circumstance to you, was it not, strange location?

"A. Yes.

"Q. And the last thing that you recall is stepping forward into this dark area and then twisting your ankle and losing your balance falling down the steps?

"A. Yes, that is the last I remember."

Defendant claims that the "step-in-the-dark" rule is applicable to the facts of the case and that the trial court was justified in finding contributory negligence as a matter of law.

There are three essential elements to a proper application of the step-in-the-dark rule: (1) Plaintiff must enter an area which is unfamiliar to him; (2) the area must be in total darkness or at least plaintiff must be unable to see where he is going; and (3) there must be an absence of "special circumstances" that would prevent the application of this rule. Mourning v. Interlachen Country Club, 280 Minn. 94, 97, 158 N. W. (2d) 244, 246.

In Malmquist v. Leeds, 245 Minn. 130, 134, 71 N. W. (2d) 863, 866, this court held that it is the general rule in Minnesota that—

"* * * one who is injured while walking in an unfamiliar situation in total darkness is, in the absence of special circumstances, guilty of contributory negligence as a matter of law."

See, 13B Dunnell, Dig. (3 ed.) § 6993.

A review of the cases involving the step-in-the-dark rule may be found in Mourning v. Interlachen Country Club, *supra*. A further analysis of the authorities discussed there would serve no useful purpose. As in Mourning, plaintiffs here claim that defendant was a possessor of land and that as an invitee plaintiff Alice Lyman was entitled to expect that the possessor would take reasonable care to discover the actual condition of the premises and either make them safe or warn her of dangerous conditions. See, Restatement, Torts, § 343, *comment a*; Strong v. Shefveland, 249 Minn. 59, 81 N. W. (2d) 247; Thayer v. Silker, 267 Minn. 268, 126 N. W. (2d) 263. This court said in response to this contention in Mourning (280 Minn. 101, 158 N. W. [2d] 249):

"We think under the circumstances shown by the record herein that Sylvia's status at the time of the accident was that of a gratuitous licensee, but that the court's failure to so charge is immaterial because whatever her status she was contributorily negligent as a matter of law."

We, likewise, think that in this case, regardless of Mrs. Lyman's relationship to defendant, whether business visitor or licensee, she was contributorily negligent as a matter of law.

Plaintiffs contend also that Mrs. Lyman relied on the familiarity of her companions, the Campbells, with the area in which she was walking and that they should have warned her or taken some action to avoid the danger—factors which plaintiffs urge are special circumstances preventing application of the step-in-the-dark rule. In Mourning, where a similar argument was made, this court said (280 Minn. 101, 158 N. W. [2d] 249):

"* * * We do not think these factors establish that she was acting under the stress of special circumstances warranting finding negligence of defendant the proximate cause of her injuries or excusing Sylvia on her part from contributory negligence in bringing about the accident."

We conclude that the circumstances of this case bring it within the step-in-the-dark rule and that plaintiff was contributorily negligent as a matter of law. In the light of this holding, it is not necessary to discuss the other questions raised by defendant.

Affirmed.