## LUCILLE HOLLAND v. HOWARD HEDENSTAD AND ANOTHER.

177 N. W. (2d) 784.

May 29, 1970—No. 42073.

*Kelly & Finley* and *William W. Thompson,* for appellant.

*Murnane, Murnane, Battis, deLambert & Conlin* and *Robert W. Murnane,* for respondents.

Heard before Nelson, William P. Murphy, Sheran, Peterson, and James F. Murphy, JJ.

JAMES F. MURPHY, JUSTICE.*

This is an appeal from an order of the district court denying plaintiff's motion for judgment notwithstanding the verdict or a new trial. Plaintiff, Mrs. Lucille Holland, sued defendants, Mr. and Mrs. Howard Hedenstad, for damages resulting from injuries she sustained when she fell on the back stairs of defendants' house. The trial court directed a verdict for defendants after plaintiff presented her case.

Plaintiff visited defendants at their house in St. Paul on November 19, 1963. She arrived between 7 and 7:30 p. m. and entered the house by the five steps at the rear which led up to the back porch. At 10 p. m. she began to leave by these same steps.

The porch was dimly lit by one light bulb. Plaintiff walked down the first three or four steps. There was no handrail alongside these steps, and, as she descended, she tried to hold on to the side of the house. As she got to the bottom steps, she could not see because it was dark. She fell and injured herself. Plaintiff had visited the Hedenstad residence once before in the daytime and had entered and left by these same steps.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

Plaintiff was a social guest and therefore a licensee. This court has held that a possessor of property owes a licensee no duty of inspection or of affirmative care to make the premises safe for a licensee's visit. Thayer v. Silker, 267 Minn. 268, 126 N. W. (2d) 263. We have adopted the Restatement's rules concerning the duties of a possessor of real estate to a licensee. Restatement, Torts (2d) § 341, says:

"A possessor of land is subject to liability to his licensees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if,

"(a)  he should expect that they will not discover or realize the danger, and

"(b)  they do not know or have reason to know of the possessor's activities and of the risk involved."

Section 342 states:

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

"(a)  the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b)  he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c)  the licensees do not know or have reason to know of the condition and the risk involved."

See, Carlson v. Rand, 275 Minn. 272, 146 N. W. (2d) 190; Sandstrom v. The AAD Temple Building Assn. Inc. 267 Minn. 407, 127 N. W. (2d) 173; Thayer v. Silker, *supra;* Glenn v. Munson, 259 Minn. 180, 106 N. W. (2d) 551.

Applying these principles to the case at hand, one can easily say that defendants were not engaging in any hazardous activities. So, the only question is whether they had a duty to warn plaintiff of the stairway or to make it safe. The stairway may

have been a dangerous condition which was known, or should have been known, to defendants and which they should have realized involved an unreasonable risk of harm. However, plaintiff should have been able to recognize the danger. She had used the stairway before and was aware that it did not have a handrail. She could also see that the stairway was dimly lit. Thus, she was aware, or should have been aware, of the dangers, and defendants had no duty to warn her. Defendants breached no other duty owed to plaintiff. Therefore, the trial court was correct in directing a verdict for defendants.

Plaintiff argues that defendants violated the St. Paul Building Code and were, therefore, negligent. Even if this were true, plaintiff could not recover since defendants did not owe plaintiff a duty of due care.

Plaintiff has raised six other issues, but in view of our decision as to defendants' duties to plaintiff, there is no need to reach them.

Affirmed.