GEORGE MUNOZ AND ANOTHER v.
APPLEBAUM'S FOOD MARKET, INC.

196 N. W. 2d 921.

April 7, 1972—No. 43237.

*Collins & Abramson* and *Theodore J. Collins,* for appellants.

*Maun, Hazel, Green, Hayes, Simon & Aretz* and *M. C. Green,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

PER CURIAM.

This is a suit for damages for personal injuries suffered by plaintiff Erma Munoz when she fell on a wet floor in defendant's store. Plaintiffs appeal from an order dismissing the action with prejudice. We affirm.

The issues raised are whether Mrs. Munoz was entitled to the protection accorded invitees, and, if so, whether the condition which caused her injury was so obvious that defendant breached no duty to her.

At the time of the accident on December 18, 1969, Mrs. Munoz was employed at a bakery in the Target shopping center on South Robert Street in West St. Paul. At noon on her way to lunch in a different area of the center, she took the most direct route, which was through defendant's store, without intending to shop there. As she came around a corner, she was confronted by a pool of water some 20 feet square and 1/4 of an inch deep, caused, apparently, by melting snow on defendant's grocery carts which had been left out of doors all night. As she entered the area she slipped and was injured.

The trial court held Mrs. Munoz to be a licensee to whom defendant owed "no duty of inspection or affirmative care to make the premises safe," Thayer v. Silker, 267 Minn. 268, 126 N. W. 2d 263 (1964). Plaintiffs assert that she was entitled to the status of an invitee which required defendant to warn and protect her from all unreasonable risks of which defendant had knowledge. We are invited to abolish the distinction between invitees and licensees.[1]

Assuming without deciding that Mrs. Munoz enjoyed the status of an invitee, we are of the opinion that plaintiffs are nevertheless not entitled to recover. The dimensions of the pool were such that the hazard was obvious and no other warning was required by defendant. All of the witnesses except Mrs. Munoz conceded that the water was in plain view as they approached it. The test is not whether the injured party actually saw the danger, but whether it was in fact visible. On this record, it is undisputed that had she been looking she would have seen the wet area before she entered it.

The trial court did not accompany his order of dismissal with a memorandum. Nevertheless, in his discussion with counsel he stated that the "defect was obvious and in no manner hidden, so I think I will have to find as a matter of law there is no duty owed to this plaintiff." We agree. Zuercher v. Northern Jobbing Co. 243 Minn. 166, 66 N. W. 2d 892 (1954); Berry v. Haertel, 284 Minn. 400, 405, 170 N. W. 2d 558, 562 (1969); Restatement, Torts 2d, § 343 A(1); Instruction 333, Minnesota Jury Instruction Guides.

Affirmed.

---

[1] See, also, Annotation, 32 A. L. R. 3d 508.