## EVA STAPLEMAN v. ST. JOSEPH THE WORKER.

205 N. W. 2d 677.

March 16, 1973—No. 43502.

*Mahoney, Dougherty, Angell & Mahoney* and *John F. Angell,* for appellant.

*Berndt & Overson, Lyle B. Overson, A. J. Berndt,* and *Thomas E. Nelson,* for respondent.

*John V. Norton, Robert M. Wattson,* and *Robins, Davis & Lyons,* for Minnesota Trial Lawyers Association, amicus curiae.

PER CURIAM.

Defendant appeals from the judgment entered following denial of its motion for judgment notwithstanding a special verdict or for a new trial.

Plaintiff, while on defendant's premises as a licensee, tripped and fell over the base of a coatrack. The jury awarded her damages and apportioned the negligence 80 percent to defendant and 20 percent to plaintiff. We reverse and hold that plaintiff's negligence was at least equal to, if not greater than, that of defendant.

On May 1, 1966, plaintiff, in the company of two friends, drove to defendant's premises to attend a senior citizens' party to be

held there. Defendant was furnishing its premises without charge to the group sponsoring the party. Plaintiff and her two friends entered the church premises through a pair of doors fronting on Seventh Street in the city of Mankato. These doors opened into a foyer area some 14 feet wide by some 24 feet in length. Plaintiff and her friends proceeded to walk through the foyer area to the opposite end where there was an opening to the auditorium premises. The foyer area was well lighted and as plaintiff walked through it, she passed on her right a door to a men's room; a door with no indication of what it was for; a coat-rack; and a door to a ladies' room.

Plaintiff testified that she had no recollection of observing these doors as she proceeded to the auditorium section. She did indicate that there were a few people in the foyer area and that a card table had been set up for registration of the party guests. She entered the auditorium area and, after looking about and seeing no one, decided with her friends to proceed to the rest-room. As they left the auditorium area, the doors swung open into the foyer area. The door on plaintiff's left obscured her view of the door to the ladies' room. She then proceeded to walk past the coatrack, which was next to the wall, toward the un-marked door. She indicated in her testimony that at this time others had come into the foyer area and she thought there were 20 to 25 people there. No one else testified that there were that many people in the area.

Plaintiff testified that as she reached the unmarked door, someone called out, "You girls will have to go back, the ladies' room is back of you," or, "You ladies will have to go back to the ladies' rest room." At that point, she turned and started to go back toward the auditorium area, caught her foot on the base of the coatrack, tripped, and fell. She suffered substantial in-juries. Plaintiff testified that she remembered that the coatrack was along the wall as she proceeded to the door which was un-marked. At the time plaintiff turned from that door to proceed to the ladies' room, no one was between her and the coatrack. She

testified that she was somewhat startled by the voice calling out to her. Mrs. Florence Philp, a friend of plaintiff who was accompanying her, testified that she heard the voice call out, "Girls, go to the other end of the coatrack."

Defendant called as one of its witnesses Carolyn Rovney, who testified that she was present in the foyer area and observed the plaintiff and her two friends enter, cross the foyer area, enter the auditorium area, and return and proceed to the unmarked door. Mrs. Rovney testified that there were five people present in the foyer area at the time she observed the plaintiff approaching the unmarked door, which opened to a stair. The witness further testified that she was one of the persons who called out and she thought that one other person with her also called out. She testified that she said, "That's the wrong door, it's at the other end of the hallway and coatrack." She observed the plaintiff turn her head after being called to and proceed to take one or two steps before falling over the coatrack. Mrs. Rovney also testified that she and the people she was with were standing beside the wall opposite the door which plaintiff was approaching.

The trial court instructed the jury that they were to determine the issue of liability based on the law applicable to the plaintiff as a licensee on the premises. Since this accident occurred before the release of our decision in Peterson v. Balach, 294 Minn. 161, 199 N. W. 2d 639 (filed July 14, 1972), this is the proper law of this case. Our decision in the Peterson case, which abolished the common-law distinctions between licensees and business invitees, was prospective only.

We have in the past adopted the Restatement rules as to licensees. Restatement, Torts 2d, § 341, states:

"A possessor of land is subject to liability to his licensees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if,

(a)  he should expect that they will not discover or realize the danger, and

(b) they do not know or have reason to know of the possessor's activities and of the risk involved."

Section 342 states:

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved."

Holland v. Hedenstad, 287 Minn. 244, 177 N. W. 2d 784 (1970).

Since plaintiff was the prevailing party in the trial court, we must necessarily view all of the evidence in the light most favorable to her. McCormack v. Hankscraft Co. Inc. 278 Minn. 322, 325, 154 N. W. 2d 488, 492 (1967). Examination of the record discloses that the only conceivable act of negligence of defendant would be the placement of the coatrack in a position fairly close to the door in question. Plaintiff seeks to characterize the coatrack as a "Rube Goldberg" device. Examination of the evidence discloses that, although it was not made by a national manufacturer, it fully conformed to the standard type of coatrack seen in numerous public places. The method of its construction was mechanically satisfactory and was not a contributing factor to the injury sustained by plaintiff.

Plaintiff admitted that she saw the coatrack as she approached the doorway in question. There was more than adequate space to proceed around the coatrack. Plaintiff claims she was startled by the voice calling to her. There is not even a suggestion in the record that the person calling to her was in any way associated with defendant. Even if that were not so, it is difficult to at-

tribute direct causation of the accident to the fact that a voice called out that plaintiff had the wrong door. Plaintiff had no trouble in walking by and around the coatrack as she approached the door. It was in plain sight and not in a confined area.

In a recent decision of this court, Munoz v. Applebaum's Food Market, Inc. 293 Minn. 433, 196 N. W. 2d 921 (1972), the plaintiff slipped on a pool of water in defendant's store which was plainly in view although she testified she did not see it. In that case we said, after assuming that the plaintiff was a business invitee with the right of an even higher degree of care on the part of the defendant (293 Minn. 434, 196 N. W. 2d 921):

"* * * The dimensions of the pool were such that the hazard was obvious and no other warning was required by defendant. All of the witnesses except Mrs. Munoz conceded that the water was in plain view as they approached it. The test is not whether the injured party actually saw the danger, but whether it was in fact visible. On this record, it is undisputed that had she been looking she would have seen the wet area before she entered it."

We sustained a dismissal of plaintiff's cause of action in that matter.

In examining the record before us under the law applicable at the time of the accident, the evidence clearly establishes that plaintiff was negligent in failing to observe and avoid the coatrack which was in plain sight. Further, there is no evidence which would indicate that defendant violated any duties imposed upon it by reason of plaintiff's being on its premises as a licensee.

Having disposed of this case on the foregoing considerations, it is not necessary to discuss the other issues raised by defendant.

Neither party shall be allowed costs on this appeal.

Reversed.